**Thiboutot v. Bayer Corporation**

$130,416.00.

*Joseph J. Thiboutot,* pro se plaintiff
*Rachel Castillo Rosser* and *Albert G. Bixler,* for defendants

NEW, J., May 7, 2013—Plaintiff, Joseph J. Thiboutot, Jr., appeals this court's order dated March 4, 2013,

granting defendants' motion to dismiss for failure to comply with pretrial requirements of case management orders no. 1 and 10, including, but not limited to, failing to submit a verified plaintiff fact sheet and expert reports. For the following reasons, this trial court's order should be affirmed.

## A. FACTS AND PROCEDURAL POSTURE OF THE MASS TORT PROGRAM *IN RE: TRASYLOL LITIGATION*

The creation of a mass tort program pertaining to the blood clotting drug Trasylol was commenced by trial court order dated July 2, 2008 as *In Re: Trasylol Litigation* at Philadelphia County Court of Common Pleas June Term 2008, No. 5229. (A true and correct copy of the trial court's master docket is attached hereto as exhibit "A.")

On July 15, 2008, the trial court issued case management order no. 1 for Trasylol Personal Injury Cases, which stated, in pertinent part:

### V. WRITTEN DISCOVERY

A) Required Disclosures by Plaintiffs

1) By September 5, 2008, or within sixty (60) days of the date on which an action is commenced by Writ of Summons or the filing of a Complaint, whichever is later, each plaintiff who is subject to this order shall serve defendants in the action brought by such person with:

(a) A completed Fact Sheet in the form attached hereto as Exhibit A. The Fact

Sheet shall include a completed Affidavit (as described in 42 Pa.C.S.A. Section 102) attesting that the information contained therein is true and correct to the best of the plaintiff's knowledge, information and belief formed after due diligence and reasonable inquiry.

(b) Authorizations for release of records in the form attached hereto as Exhibit B. Plaintiffs shall provide addressed authorizations for each health care provider identified in plaintiff's Fact Sheet.

\*\*\*

2) *Fact Sheets as Interrogatories and Requests for Productions.* The plaintiffs' Fact Sheets which plaintiffs are required to answer are a convenient form of propounding interrogatories and requests for production of documents. The completed fact sheets shall be considered interrogatory answers pursuant to Pa.R.C.P. 4006 and as responses pursuant to Pa.R.Civ.P. 4009.12 to requests for production, and are governed by the standards applicable to written discovery under these rules. The questions and requests for production contained in the Fact Sheet are non-objectionable and shall be answered without objection. This section does not prohibit a plaintiff from withholding or redacting information based upon a recognized privilege. If a plaintiff withholds or redacts any information on the basis of privilege, he or she shall provide defendants with a privilege log pursuant to Section

V.F.7 below. In the event that a dispute arises concerning the completeness or adequacy of a plaintiff's response to any request contained in the Fact Sheet, this Section shall not prohibit plaintiff from asserting that his or her response is adequate.

\*\*\*

## X. EXPERT DISCOVERY

Expert discovery shall commence at the close of fact discovery. The parties shall confer and present to the Court an agreed-upon expert discovery plan (or their statements of any disputed positions concerning expert discovery) no later than August 18, 2008. The plan shall, however, provide for the depositions of all generic and case-specific experts.

(A true and correct copy of the trial court's case management order no.1 for Trasylol personal injury cases, including exhibits A and B, is attached hereto as exhibit "B.")

On July 6, 2010, the trial court issued case management order No. 10 modifying and supplementing discovery and trial schedules in the Trasylol mass tort litigation. That order states, in pertinent part:

## I. TRIAL READINESS GROUPINGS

.... All Coordinated Actions pending in this Court as of July 1, 2010 are hereby assigned to Groups 4 - 9 by date of initial filing, with actions filed on the same date assigned to groups in sequence alphabetically by last name of the first named plaintiffs. Exhibit A

hereto, which is made part of the Order, assigns the Coordinated Actions to groups as follows:

\*\*\*

Group 9 shall consist of all cases filed in 2010 as of July 1, 2010. The schedules for case-specific discovery and pretrial motions and the trial ready dates for the cases assigned to Groups 4 - 9 are set forth in Exhibit B hereto, which is made part of this Order.

Pursuant to exhibit A, page 15 of case management order no. 10, the instant matter was assigned to group 9. Pursuant to exhibit B of case management order no.10, the deadline for plaintiffs in group 9 cases to serve reports for case-specific experts was November 28, 2011. In addition, cases in group 9 were deemed to be trial ready on April 2, 2012. (A true and correct copy of the trial court's case management order no. 10 modifying and supplementing discovery and trial schedules, including exhibits A and B, is attached hereto as exhibit "C.")

## B. FACTS AND PROCEDURAL POSTURE IN THE CASE OF *THIBOUTOT, JR. V. BAYER CORPORATION, ET AL*

Appellant, Joseph Thiboutot, Jr., filed this personal injury mass tort action on March 31, 2010, as *Thiboutot, Jr. v. Bayer Corporation, et al,* at Philadelphia Court of Common Pleas March Term 2010, No. 5958, claiming renal failure due to the administration of the drug Trasylol. Appellant is a resident of the state of Maine. At the time the complaint was filed, appellant was represented by the law firm of Matthews & Associates of New York, New

York. Matthews & Associates retained the Law Offices of Gilligan & Peppelman, LLC of Media, PA as local counsel to facilitate the litigation of the case in the Philadelphia Court of Common Pleas.

Attorney Raymond Peppelman filed a motion for leave to withdraw as appellant's counsel on October 4, 2011. In paragraph 2 of that motion, Mr. Peppelman stated, "Good cause exists for the filing of this motion to withdraw, as there is a difference of opinion between counsel and [appellant] as to how to proceed with [appellant's] claims." Thereafter, on October 13, 2011, the trial court issued a rule to show cause with regard to the motion for leave to withdraw, with a returnable date of December 14, 2011. By order dated December 21, 2011, the trial court rescheduled the rule to show cause to February 14, 2012, at which time the trial court directed that appellant could participate by conference call because of health issues.

On February 14, 2012, Mr. Peppelman's motion for leave to withdraw as counsel was granted. In that order, the trial court also directed that all proceedings would be stayed for sixty (60) days in order for appellant to secure new counsel.

On or about January 28, 2013, appellees Bayer Shering Pharma AG, Bayer Healthcare Pharmaceuticals, Inc. and Bayer Corporation filed a motion to dismiss for failure to comply with pretrial requirements of case management orders 1 and 10. In that motion, appellees indicated that this is the sole remaining case in the Trasylol mass tort program, and argued that the case should be dismissed due to appellant's failure to comply with the trial court's

directives. Appellees noted that "[e]ven the rudimentary tasks of completing and submitting a verified plaintiff fact sheet and signed authorizations have been ignored by [appellant]." (See paragraph 1, page 1 of appellees' motion to dismiss.)

Appellees also pointed out that the trial court's order of February 14, 2012, which granted Mr. Peppelman's motion for leave to withdraw as counsel, also gave appellant sixty (60) days to retain new counsel, and that on April 26, 2012, the trial court gave appellant an additional thirty (30) days to find new counsel; yet to date, appellant has failed to obtain new counsel. "Instead, [appellant] has filed a battery of pro se motion essentially seeking to strike the motion for leave to withdraw, sanction his former attorneys and compensate him for his time and efforts related to their withdrawal." (See page 1, paragraph 2 of appellees' motion to dismiss.)

Appellees' argument continued:

Meanwhile, the case management deadlines established by case management order (CMO) 10 have passed, and this group 9 case, which was scheduled to be trial ready by April of 2012, has languished on the docket. There has been no indication that any new counsel is prepared to assume the prosecution of this case, or that [appellant] is prepared to litigate the merits of his case pro se. Because [appellant] has failed to retain new counsel, and has ignored his pretrial obligations, including the submission of a plaintiff fact sheet which was due on May 31, 2010 and his expert report which was due on November 28, 2011, the court should dismiss this case.

478

(See page 1, paragraph 3 of appellees' motion to dismiss.)

According to the trial court dockets, the date for responding to appellee's motion to dismiss was February 28, 2012. After receiving no response to that motion, the trial court on March 4, 2013 issued an order granting appellees' motion to dismiss for failure to comply with pretrial requirements of case management orders no. 1 and 10, including, but not limited to, failing to submit a verified plaintiff fact sheet and expert reports.

On or about March 27, 2013, appellant sent a notice of appeal to the trial court. On April 1, 2013, the trial court issued an order, pursuant to Pa.R.A.P. 1925(b) which directed appellant to file "a self contained and intelligible statement of errors appellant actually intended to raise on appeal to the Superior Court by April 22, 2013." On April 22, 2013, appellant filed a document entitled "statement of errors. Errors intended to raise on appeal." However, contrary to directive of the trial court's order of April 1, 2013, the appellant's statement is a rambling, unintelligible document.

## II. DISCUSSION

Appellant has waived his right to appeal due to his failure to file a concise and coherent statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). In the alternative, appellant's failure to comply with case management orders no. 1 and 10 resulted in appellant's failure to establish a prima facie case, and therefore the trial court's granting of appellee's motion to dismiss was proper and should be affirmed.

A. Appellant Has Waived His Right to Appeal.

Pa.R.A.P. 1925(b) states, in pertinent part:

Rule 1925. Opinion in Support of Order

\*\*\*

(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.-If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

\*\*\*

(4) Requirements; waiver.

(i) The Statement shall set forth only those rulings or errors that the appellant intends to challenge.

(ii) The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge....

\*\*\*

(iv) The Statement should not be redundant or provide lengthy explanations as to any error. Where non-redundant, non-frivolous issues are set forth in an appropriately concise manner, the number of errors raised will not alone be grounds for finding waiver.

\*\*\*

(vii) Issues not included in the Statement and/or raised in accordance with the provisions of this paragraph (b) (4) are waived.

Pa.R.A.P. 1925(b)(4).

In *Jiricko v. Geico Insurance Company*, 947 A.2d 206 (Pa. Super. 2008), the Superior Court explained:

In the case sub judice, the fact Appellant filed a timely response to the trial court's Pa.R.A.P. 1925(b) order does not automatically equate with issue preservation. As our discussion infra reveals, the Pa.R.A.P. 1925(b) statement must be sufficiently "concise" and "coherent" such that the trial judge may be able to identify the issues to be raised on appeal, and the circumstances must not suggest the existence of bad faith.

We begin with a discussion of *Kanter v. Epstein*, 866 A.2d 394 (Pa. Super. 2004), *alloc. denied*, 880 A.2d 1239 (Pa. 2005), where this court stated:

In *Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998), the Pennsylvania Supreme Court specifically held that "from this date forward, in order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to [Pa.R.A.P] 1925. *Lord*, 719 A.2d at 309. "Any issues not raised in a 1925(b) statement will be deemed waived. *Id.* This Court explained in *Riley*

*v. Foley,* 783 A.2d 807, 813 (Pa. Super. 2001), that Rule 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal. This court has further explained that "a concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no Concise Statement at all." *Commonwealth v. Dowling,* 778 A.2d 683, 686-87 (Pa. Super. 2001). "Even if the trial court correctly guesses the issues Appellants raise on appeal and writes an opinion pursuant to that supposition the issues [are] still waived. *Commonwealth v. Heggins,* 809 A.2d 908, 911 (Pa. Super. 2002.)

Recently, in *Tucker v. R.M. Tours,* 939 A.2d 343 (Pa. Super. 2007), this court was faced with a voluminous Pa.R.A.P. 1925(b) statement and, in affirming the judgment, we concluded the appellants had engaged in misconduct by filing a Pa.R.A.P. 1925(b) statement with the intent to overwhelm the courts. Specifically, this court stated:

> Our law makes it clear that Pa.R.A.P. 1925(b) is not satisfied by the filing of any statement. Rather, the statement must be "concise" and coherent as to permit the trial court to understand the specific issues being raised on appeal. Specifically, this court has held that when appellants raise an "outrageous" number of issues in their 1925(b) statement, the appellants have "deliberately

circumvented the meaning and purpose of Rule 1925(b) and ha[ve] thereby effectively precluded appellate review of the issues they now seek to raise. *Kanter*, 866 A.2d at 401.

\* \* \*

Appellants [engage] in misconduct when they "attempt to overwhelm the trial court by filing [a] Rule 1925(b) statement that contain[s] a multitude of issues that [Appellants] d[o] not wish to raise and/or c[an] not raise before this court." *Kanter*, 866 A.2d at 401.

*Id.* at 210-211.

Likewise, in the instant matter, appellant's statement is a mishmash of virtually incomprehensible assertions. Therefore, pursuant to Pa.R.A.P. 1925(b)(4) and the case law cited above, appellant has waived his right to appeal.

B. The Trial Court's Order Granting Appellees' Motion to Dismiss Should Be Affirmed.

Notwithstanding the foregoing, this court's order of March 4, 2013 granting appellee's motion to dismiss should be affirmed, because appellant's noncompliance with case management orders nos. 1 and 10 resulted in appellant's failure to establish a prima facie case against appellees.

*Wolloch v. Aiken*, 815 A.2d 594 (Pa. 2002) was a medical malpractice case in which a case management order was issued giving Wolloch a deadline to submit expert reports. *Id.* at 595. *Wolloch* applied for and was

granted one extension of time, but did not meet the second deadline. *Id.* Shortly after the expiration of the deadline for *Wolloch's* expert reports, each of the medical defendants filed a motion for summary judgment alleging that *Wolloch* could not make out a prima facie case of medical malpractice without expert reports. *Id.* The trial court granted the motions for summary judgment in favor of all the moving defendants, but on appeal, The Superior Court reversed the trial court's order. *Id.* In reversing the Superior Court, the Pennsylvania Supreme Court in Wolloch found that the proper analysis for a trial court to utilize when ruling on a motion for summary judgment is for the trial court to determine whether or not the plaintiff has established a prima facie case, and if plaintiff has not done so, summary judgment is proper. *Id.* at 596.

In the case at bar, appellant never provided a plaintiff's fact sheet to appellees, which, pursuant to case management order no. 1, was to be considered appellant's responses to interrogatories and request for production of documents. In addition, appellant never provided any expert reports to appellees. Expert testimony is necessary when the subject matter of the inquiry is one involving special skills and training not common to the ordinary lay person. *Brandon v. Ryder Truck Rental*, 34 A.3d 104, 108 (Pa. Super. 2011), citing *Storm v. Golden*, 538 A.2d 61 (Pa. Super. 1988). Here the appellant's claim is that he suffered renal failure after being given the drug Trasylol. Clearly, this is a case which requires expert testimony, without which appellant will not be able to meet his burden of proof.

Moreover, in the instant matter, while this court's final

order involved a motion to dismiss, and not a motion for summary judgment, the proper analysis as set forth by Wolloch, supra, remains the same; that is, this court determined that appellant's noncompliance with case management orders 1 and 10 had resulted in appellant's failure to establish a prima facie case, and therefore dismissal of appellant's action was proper.

## III. CONCLUSION

For the foregoing reasons, this court's order granting appellees' motion to dismiss should be affirmed.