**Paul BRANDON, Appellant**

v.

**RYDER TRUCK RENTAL, INC., Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 4, 2011.
Filed Nov. 14, 2011.

Bruce W. Miller, Philadelphia, for appellant.

John M. Campbell, Philadelphia, for appellee.

BEFORE: STEVENS, P.J., FORD ELLIOTT, P.J.E., and GANTMAN, JJ.

OPINION BY STEVENS, P.J.:

Paul Brandon (hereinafter "Appellant") appeals from the trial court's order entered on October 22, 2010, in the Court of Common Pleas of Philadelphia County granting the oral motion for summary judgment of Ryder Truck Rental, Inc. (hereinafter "Appellee"). Upon our review of the record, we affirm.

In his Complaint filed on March 6, 2009, Appellant averred that on August 6, 2007, at approximately 6:30 a.m., he was in the course of his employment as a driver/delivery person with Schmidt Baking Company and operating a vehicle, which Appellee leased to Appellant's employer, in a westerly direction in the 400 block of Girard Avenue, Philadelphia, PA. Appellant al-

leged that the front wheel of the vehicle fell off due to the negligence and carelessness of Appellee by and through its agents, servants, workmen and/or employees, causing him to strike a milk van which was traveling in a westerly direction on Girard Avenue and to sustain severe and permanent injuries. Complaint at ¶¶ 4–5. Specifically, Appellant contended Appellee's negligence and carelessness consisted of:

a) failing to inspect said delivery truck as to discover the unsafe, hazardous and dangerous condition thereon;

b) permitting said vehicle to be leased to Schmidt Baking Company while in a condition so as to constitute a menace, danger or nuisance to [Appellant];

c) failing to warn [Appellant] of the existence of the unsafe, hazardous and

d) dangerous condition of the vehicle; and

d) failing to abate said unsafe, hazardous and dangerous condition.

Complaint at ¶ 6. Appellant maintained that as a direct result of Appellee's carelessness and negligence, he sustained serious and permanent injuries. Complaint at ¶ 7. Appellee denied these claims in its Answer and New Matter.

 The case was listed for trial on October 22, 2010, at which time the trial court granted Appellee's oral motion for summary judgment. Appellant filed a notice of appeal on November 2, 2010. The record was certified and transmitted to this Court on May 18, 2011, and filed with this Court on May 20, 2011.[1]

---

1. We note that the transcribed deposition testimony of Appellant, James Diamond, James Curran, and Daryl Hilliard is not included in the official record, though each deposition was taken on May 27, 2010. Along with his notice of appeal, Appellant filed a request for transcript on November 3, 2010, though he made no mention of the deposition testimony. On December 8, 2010, the notes of testimony taken on October 22, 2010, were filed.

Pa.R.A.P. 1931(a)(1) provides that "the record on appeal, including the transcript and exhibits necessary for the determination of the appeal, shall be transmitted to the appellate court within 60 days after the filing of the notice of appeal." Pa.R.A.P. 1931(a)(1).

"It is black letter law in this jurisdiction that an appellate court cannot consider anything which is not part of the record in this case." *Bennyhoff v. Pappert,* 790 A.2d 313, 318 (Pa.Super.2001) (citation omitted). Any document which is not part of the official certified record is considered to be nonexistent, which deficiency may not be remedied by inclusion in the reproduced record. *Id.;* Pa.R.A.P. 1921. It is the responsibility of the appellant to provide a complete record to the appellate court on appeal, including transcription of deposition testimony. *McNeal v. Eaton Corp.,* 806 A.2d 899 (Pa.Super.2002). Where a review of an appellant's claim may not be made

because of such a defect in the record, we may find the issue waived. *Bennyhoff, supra.*
*Eichman v. McKeon,* 824 A.2d 305, 316 (Pa.Super.2003).

In addition, Pa.R.A.P. 1926 provides that if anything material to either party is omitted from the record by error or accident, this Court, on proper suggestion or of its own initiative, may direct that the omission be corrected and a supplemental record be certified and transmitted if necessary. Pa.R.A.P. 1926.

Appellee has attached as an Appendix to its brief a document which is marked as having been filed in the trial court on June 8, 2011, and reads as follows:

*ORDER*

AND NOW, to wit this ____ day of June, 2011, it is hereby ORDERED and DECREED that the deposition testimony of Plaintiff, James Diamond, James Curran and Daryl Hilliard taken on May 27, 2010 *in the above matter be entered in the record and become part of the certified record of the Superior Court of Pennsylvania, Case No. 3170 EDA 2010.*

A line is drawn across the text, and the notation "Denied 6–29–11" along with the trial court's purported signature appears on the order. Neither the filing date of the pro-

In his "Matters Complained of on Appeal," Appellant raised the following four (4) issues for our review:

1. Whether the court was correct as a matter of law in granting summary judgment to the Appellee where the Appellant who was operating his truck while in the course of his employment, struck a parked vehicle when the right front tire of the truck seemed to have collapsed and pulled to the right.

2. Whether there was no genuine [issue] of any material facts based upon the depositions of the parties, and witnesses and all relevant exhibits entitling the Appellee to a summary judgment.

3. Whether the [c]ourt examined the record in a light most favorable to the Appellant when granting Appellee's Motion for Summary Judgment.

4. Whether the [c]ourt was correct in granting Appellee's Motion for Summary Judgment solely on [the] basis that the Appellant did not have an expert witness to testify as to the cause of the accident.

In his brief, Appellant presents the following statement of the question involved:

Whether the [c]ourt was correct, as a matter of law, in granting Summary Judgment to Appellee where Appellant, who was operating his truck while in the course of his employment, struck a parked vehicle when the right front tire of the truck seemed to have collapsed and pulled to the right.

Brief for Appellant at 2.[2]

■ Our standard of review on an appeal from the grant of a motion for summary judgment is well settled:

In reviewing an order granting summary judgment, our scope of review is plenary, and our standard of review is the same as that applied by the trial court.... An appellate court may reverse the entry of a summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. As our inquiry involves solely questions of law, our review is *de novo.*

Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient

---

posed order or of the order denying it appears in the certified record, and Appellant does not reference his proposed order in his brief which also was filed on June 29, 2011, with this Court.

Despite the fact it was Appellant's duty to ensure a complete record reached this Court, our Prothonotary made efforts to ascertain the deposition testimony from the trial court, to no avail. Appellant did attach several pages of extracted deposition testimony to his brief which he claims reveal that he complained to Appellee prior to the accident that the truck was "pulling to the right," that Appellee had a duty to inspect the vehicle for a mechanical

defect and that if it were not safe to use, remove it from service. Brief for Appellant at 7. Even had the deposition transcripts in their entirety been made part of the certified record, and even were we to consider the deposition testimony for the purpose which Appellant espouses, we find that for the reasons discussed *infra,* without an expert, Appellant cannot prove that a mechanical defect caused his injuries.

2. As we noted above, Appellant averred in his Complaint that the right front wheel fell off causing him to strike a van traveling in a westerly direction. *See* Complaint at ¶ 5.

evidence of facts to make out a prima facie cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

*Rabatin v. Allied Glove Corp.,* 24 A.3d 388, 390–91 (Pa.Super.2011) (citation and brackets omitted).

■ Our Supreme Court has noted:

[e]xpert testimony is often employed to help jurors understand issues and evidence which is outside of the average juror's normal realm of experience. We have stated that,

[t]he employment of testimony of an expert rises from necessity, a necessity born of the fact that the subject matter of the inquiry is one involving special skill and training beyond the ken of the ordinary layman.

*Reardon v. Meehan,* 424 Pa. 460, 227 A.2d 667, 670 (1967). Conversely,

[I]f all the primary facts can be accurately described to a jury and if the jury is as capable of comprehending and understanding such facts and drawing correct conclusions from them as are witnesses possessed of special training, experience or observation, then there is no need for the testimony of an expert.

*Id.* Numerous cases have expounded on when expert testimony is indispensable. *See Powell v. Risser,* 375 Pa. 60, 99 A.2d 454 (1953) (holding that expert testimony is needed to show a deviation from proper and accepted medical practice); *Tennis v. Fedorwicz,* 140 Pa.Cmwlth. 7, 592 A.2d 116 (1991)(holding that expert testimony is necessary to prove negligent design); and *Storm v. Golden,* 371 Pa.Super. 368, 538 A.2d 61 (1988) (holding that an expert must define what

constitutes reasonable degree of care and skill related to legal practice).

*Young v. Com., Dept. of Transp.,* 560 Pa. 373, 376–377, 744 A.2d 1276, 1278 (Pa. 2000). Also,

Negligence is established by proving the following four elements: "(1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages."

*Grossman v. Barke,* 868 A.2d 561, 566 (Pa.Super.2005) (citation omitted), *appeal denied,* 585 Pa. 697, 889 A.2d 89 (2005).

Herein, in support of its decision to grant Appellee's oral motion for summary judgment, the trial court reasoned as follows:

During the pleading stage of the case the [c]ourt repeatedly admonished the Appellant to retain an expert witness to determine whether or not the vehicle actually had a mechanical defect or not. Despite the admonishment, counsel for the Appellant repeatedly stated that he would not do so. Appellant now appeals from the Motion for Summary Judgment, claiming that it was granted only due to his failure to retain expert testimony.

\* \* \*

Expert testimony is not needed in every general negligence case, as it is in medical malpractice cases, however, "[e]xpert testimony becomes necessary when the subject matter of the inquiry is one involving special skills and training not common to the ordinary lay person." *Storm v. Golden,* 371 Pa.Super. 386 [368], 376 [538 A.2d 61] (Pa.Super.Ct.1988). The basis for the claim against the Appellee is that there existed in its rental truck a defect that it knew about. Without first proving that

the defect existed, it cannot prove that the Appellee knew of the defect. As stated in *Storm* this is clearly an instance that involves special skills and training not common to a lay person.

Here the claim that the vehicle has a mechanical defect is not the type of knowledge that the average person possesses. Modern vehicles are made up [of] tens of thousands of moving parts, the vast majority of which are hidden from view. The claim that the rental vehicle pulls to the right indicts [sic] any number of complex systems in the vehicle including the drive train, power steering system, and axle. Without some sort of expert in automobiles, simple lay witnesses would not provide the quality of testimony necessary to show that the vehicle was defective to the trier of fact. Hence, Summary Judgment was granted not because Appellant refused to present expert testimony, but because without expert testimony the burden of proving causation and the existence of a mechanical defect could not be met with only the eyewitness evidence of lay persons untrained in the intricacies of motor vehicle mechanics. As Appellant's counsel had repeatedly refused to retain an expert witness there would be insufficient evidence for a jury to deliberate on [,] and the Motion was correctly granted.

Trial Court Opinion, filed 5/12/11, at 1–3.

To the contrary, in his brief Appellant contends the evidence shows he complained to Appellee prior to the accident that the truck was "pulling to the right" and was never instructed not to drive it. Appellant also maintains it was Appellee's duty to repair and maintain its trucks and remove from service any which may have been defective. Brief for Appellant at 7.

In support of his arguments, Appellant relies upon the aforementioned extracted notes of deposition testimony he attached to his brief and *Griffith v. Clearfield Truck Rentals*, 427 Pa. 30, 233 A.2d 896 (1967).

In *Griffith*, the plaintiff argued he sustained bodily injuries in a motor vehicle accident caused by the alleged locking of the steering of the tractor-trailer he had been operating and that this locking had been caused by the defendant's negligence in maintaining the vehicle. At trial, the plaintiff presented the testimony of a consulting engineer who definitively testified that the cause of the accident had been the locking of the steering apparatus caused by the failure of the "rear universal joint." Though the expert had not inspected the truck involved in the accident, the trial court permitted the jury to consider the question of the validity of the expert's testimony. *Griffith*, 427 Pa. at 34–35, 233 A.2d at 899. The trial court ultimately entered judgment on the verdict for the plaintiff, and our Supreme Court affirmed.

█ Appellant does not cite to a case wherein a panel of this Court determined a plaintiff did not need to present an expert in support of his negligence action. In one such case, *Ovitsky v. Capital City Economic Development Corporation*, 846 A.2d 124 (Pa.Super.2003), *reargument denied* (April 30 2004), this Court held that a business invitee who had been assaulted while staying in a hotel was not required to offer expert testimony to prove that the hotel breached a duty to him to provide adequate security. The issue concerned whether expert testimony were required to prove Ramada Inn breached a duty to protect a guest from harmful third party conduct that reasonably might be anticipated. We reasoned that staying in hotels is a common and familiar experi-

ence such that a juror could utilize his or her common sense to determine whether the Ramada's security measures had been reasonable, and thus, under the facts presented therein the trial court had erred in granting summary judgment. *Id.* at 126.

Herein, it is undisputed that Appellant was not prepared to present any expert opinion with regard to causation, though Appellant maintains a defect in his vehicle caused his injuries. Except in situations where the doctrines of res ipsa loquitur or exclusive control might be applicable, a plaintiff asserting liability on grounds of negligence must connect injury with a specific defect in the manufacture or design of a product. *Loch v. Confair,* 372 Pa. 212, 93 A.2d 451 (1953). "The evidentiary requirements of negligence law demand proof that injury is proximately caused by a specific defect in design or construction because liability hinges upon whether the accident could have been avoided by the exercise of reasonable care." *Oehler v. Davis,* 223 Pa.Super. 333, 298 A.2d 895 (1972) (citation omitted).

■ Appellant posits "there was no way to determine if the truck had a discoverable defect in the steering apparatus but, if notified of the problem, [Appellee] had a duty to make a reasonable inspection and examination to determine the cause of the trouble." Brief for Appellant 8. Appellant's reasoning is flawed, for Appellant needed to identify in his negligence claim the specific defect in the steering mechanism which caused the vehicle to allegedly "pull to the right" before he could then prove how Appellee's conduct deviated from the requisite standard of care and that the deviation was a substantial factor in causing the accident such that Appellee can be held liable for Appellant's injuries.

Other than his own assertion that the vehicle "pulled to the right," there is no expert opinion as to what the specific cause of the pulling might have been or any testing that might have been done to detect the alleged defect prior to the accident.

Indeed, though Appellant argues Appellee had a duty to inspect its vehicles and remove any which may be unsafe from service, without an expert it is not possible to discern whether: a defect in the truck Appellant was operating on August 6, 2007, if it existed, was discoverable in advance of the accident upon reasonable inspection of Appellees; whether the claimed defect is a design or manufacturing defect; or whether the defect was a latent one not discoverable upon Appellee's reasonable inspection. The answers to such questions are not within the range of the ordinary knowledge or experience of the average layperson. *See Ovitsky, supra.* Thus, an expert is necessary for Appellant to prove his negligence claim against Appellee, and absent the testimony of a qualified expert, a jury's verdict would be nothing more than conjecture. *See Schmoyer v. Mexico Forge Inc.,* 437 Pa.Super. 159, 649 A.2d 705, 707 (1994) (stating "the trial court has a duty to prevent questions from going to the jury which would require it to reach a verdict based on conjecture, surmise, guess or speculation.") (citation omitted).

■ Summary judgment is proper when a party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action which would require the issues to be presented to a jury. *Young v. Com., Dept. of Transp.,* 560 Pa. 373, 376, 744 A.2d 1276, 1277 (Pa.2000). As such, we find the trial court properly granted Appellee's motion

for summary judgment.[3]

Order affirmed.

GANTMAN, J. concurs in result.

**3.** In the final paragraph of his brief, Appellant maintains that a statement he made to police after the accident constitutes an excited utterance and present sense expression, adds to his credibility, and constitutes substantive evidence. We find Appellant waived any argument regarding the hearsay rule and exceptions thereto for his failure to include it in his Pa.R.A.P. 1925(b) statement. Pa.R.A.P. 1925(b)(4)(vii).