J-A30001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SANDRA KRZAN & FRANK J. TOPOLSKI, JR., ADMINISTRATORS OF THE ESTATES OF CAROLINE & FRANK TOPOLSKI | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| KEYSTONE PROPANE SERVICES, INC. AND KENNETH PRINGLE | |
| | No. 574 MDA 2016 |

Appeal from the Order Entered May 8, 2014
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 2011-CV-4097

BEFORE: BOWES, OLSON AND STABILE, JJ.

MEMORANDUM BY BOWES, J.: **FILED MARCH 01, 2017**

Sandra Krzan and Frank J. Topolski, Jr, in their capacity as administrators of the estates of Caroline and Frank Topolski (collectively "Administrators"), appeal from the trial court's grant of summary judgment in favor of Kenneth Pringle. We affirm.

This matter has its genesis in an early morning explosion which demolished the house situated at 730 Carmalt Street, Dickson City, Lackawanna County. At the time of the explosion, Frank and Caroline Topolski, and their son, Frank, Jr., were within the residence. Frank and Caroline died in the ensuing fire, while Frank, Jr. escaped with minor injuries.

On July 6, 2011, Administrators commenced this action by filing a writ of summons. Their subsequent complaint alleged that the explosion and fire were directly and proximately caused by propane gas which leaked into the basement through a service line attached to a propane tank provided by Keystone Propane Service, Inc. ("Keystone"). As it relates to this matter, Administrators averred, *inter alia*, that Pringle had negligently disconnected the gas line and left it uncapped when he installed a hot water heater in the Topolski's basement eight months prior to the explosion. Administrators brought claims of negligence, wrongful death, survival, and negligent infliction of emotional distress against Keystone and Pringle.

A case management order was issued on October 11, 2012. That order established that all discovery was to be completed by April 1, 2013, Administrators had until June 15, 2013, to produce expert reports, Keystone and Pringle had until August 15, 2013, to produce their expert reports, all dispositive motions had to be filed by October 15, 2013, and after that date, if no dispositive motions were pending before the court, the matter could be certified for trial by any party.

On April 1, 2013, both parties concluded discovery. On May 30, 2013, the court granted a motion to withdraw filed by Administrators' counsel and stayed the proceedings for sixty days until July 30, 2013, to permit Administrators to obtain new counsel. Nevertheless, the court denied an

August 22, 2013 request by Pringle to extend the case management deadlines. Administrators did not pursue a similar request.

Following the withdrawal of counsel, Administrators did not file an expert report by the June 15, 2013 deadline. The matter was not certified for trial, but rather, on October 15, 2013, Keystone filed a timely motion for summary judgment contending that there was no evidence of record tending to show the propane tank provided by Keystone was defective and arguing that Administrators had failed to identify expert testimony to show that any alleged defect had contributed to the incident. On October 23, 2013, Pringle also filed a motion for summary judgment asserting that Administrators had failed to present expert testimony to establish the cause of the explosion.[1] No timely answers were filed by Administrators to either motion.[2]

_____

[1] In response to the motions for summary judgment filed by Keystone and Pringle, Sandra Krzan, acting in her individual capacity, filed a praecipe for satisfaction and termination discontinuing her personal claims against the defendants. Ms. Krzan, acting as co-administrator, could not unilaterally bind the estate in a similar manner. *See In re Estate of Moskowitz*, 115 A.3d 372 (Pa.Super. 2015) (holding that co-administrator operating outside the ordinary administration of an estate, such as a litigation decision, cannot act without consent of all co-administrators). Hence, Ms. Krzan remains a party to this action in her capacity as an administrator to the estate.

[2] The rules of civil procedure require the non-moving party to a motion for summary judgment to file an answer in opposition within thirty days after service of the motion. Pa.R.C.P. 1035.3(a).

Subsequently, Administrators retained new counsel.[3]  After they were granted three continuances, a hearing on both motions for summary judgment was scheduled for May 8, 2014.  Administrators did not, however, request that the court provide them with additional time to file a response in opposition to those motions.  On May 7, 2014, Administrators filed an untimely answer and brief in opposition to Pringle's motion for summary judgment and attached an unsigned expert's report to that filing.[4]  In that report, the expert opined that the explosion was caused by Pringle's failure to properly secure the gas line when he installed the hot water heater.  Following oral argument on May 8, 2014, the trial court precluded consideration of the expert report due to its untimeliness and the lack of the expert's signature and granted summary judgment in favor of Keystone and Pringle.[5]

_____

[3] Current counsel's entry of appearance is not listed on the docket.  Noting that Keystone and Pringle served their motions for summary judgment directly on the Administrators in their individual capacities, and present counsel filed his first continuance on behalf of Administrators on January 7, 2014, we surmise that Administrators obtained representation sometime after the motions for summary judgment were filed.

[4] Administrators did not file a response in opposition to Keystone's motion for summary judgment.

[5] The trial court entered its order granting summary judgment in favor of Keystone and Pringle on May 8, 2014.  The trial court only prepared an opinion revealing its basis for its decision in response to this appeal.

Administrators filed a timely notice of appeal from the grant of summary of judgment in favor of Pringle only, but due to a breakdown in the court, the case was not transferred to the Superior Court until April 7, 2016. Administrators complied with the court's order to file a Rule 1925(b) statement of matters complained of on appeal. On November 10, 2016, the trial court authored its Rule 1925(a) opinion. This matter is now ripe for review. Administrators present one question for our consideration: "Whether the trial court erred in granting summary judgment in favor of [Pringle] when [Administrators] had submitted an expert report that created genuine issues of material fact as to their cause of action." Appellant's brief at 5 (unnecessary capitalization omitted).

An order granting summary judgment will be reversed if the trial court committed an error of law or clearly abused its discretion. *Malanchuk v. Sivchuk*, 148 A.3d 860, 865 (Pa.Super. 2016). Where, as here, the trial court's decision regarding a motion for summary judgment involves a finding based upon its procedural history, we evaluate that order under an abuse of discretion standard. *Cooper v. Schoffstall*, 905 A.2d 482, 488 (Pa. 2006) (stating, "Within the ambit of the discretionary authority allocated by the rules to the trial courts, we review for an abuse of discretion.").

Administrators contend that the trial court erred in excluding their admittedly untimely expert they appended to their untimely response to Pringle's motion for summary judgment. Relying on *Kurian ex rel. Kurian*

*v. Anisman*, 851 A.2d 152 (Pa.Super. 2004), they assert that, in order to justify such a drastic action, the court was required to find that permitting consideration of the expert report would prejudice Pringle. Having failed to make this determination, Administrators continue, the court erred in rejecting the report. Administrators conclude that, since the expert report creates a genuine issue of material fact, the court committed an error of law by granting summary judgment in favor of Pringle.

Our High Court first considered whether a party may supplement the record with an untimely expert report by appending it to a response to a motion for summary judgment in *Gerrow v. John Royle & Sons*, 813 A.2d 778 (Pa. 2002) (plurality opinion). Then Chief Justice Zappala, speaking for a plurality of the court, interpreted Pa.R.C.P. 1035.3(b),[6] governing a party's response to a motion for summary judgment, and determined that it was in keeping with the purpose of the rule to permit a party to supplement the record when filing a **timely** response to a motion for summary judgment. The Court underscored the importance of the timing of the motion for summary judgment, noting that it was an appropriate maneuver "after the

---

[6] As it relates to a party's response to a motion for summary judgment, Rule 1035.3(b) of the Rules of Civil Procedure states: "An adverse party may supplement the record or set forth the reasons why the party cannot present evidence essential to justify opposition to the motion and any action proposed to be taken by the party to present such evidence." Pa.R.C.P. 1035.3(b).

completion of discovery relevant to the motion." *Id*. at 781 (citation omitted).

The Court in *Gerrow* concluded that, "Since the intent of the motion for summary judgment is not to eliminate meritorious claims that could be established by additional discovery or expert report, it is consistent with that intent to permit supplementation of the record under Rule 1035.3(b) to allow the record to be enlarged by the addition of such expert reports." *Id*. at 780-781; *Cf*. *Wolloch v. Aiken*, 815 A.2d 594 (Pa. 2002) (finding the party could not supplement the record with untimely expert reports filed **after** the court had granted summary judgment in favor of all defendants).

The Supreme Court found that the Gerrows could append signed expert reports to their timely response to the motion for summary judgment, and therefore, the trial court should have considered them in its summary judgment decision.

This Court subsequently adopted the Supreme Court's holding in *Kurian*, *supra*. In *Kurian*, we applied the Supreme Court's interpretation of Rule 1035.3 as expressed in *Gerrow*, *supra*. However, in embracing the High Court's reasoning, we noted that the rules governing responses to motions for summary judgment must be read in harmony with Pa.R.C.P.

4003.5(b) and its relevant case law.[7] We observed that the case law construing Rule 4003.5(b) required the trial court to evaluate the prejudicial effect of reviewing an otherwise untimely expert report. Thus, we concluded that, "when a party makes a timely response to a summary judgment motion and attempts to supplement the record with otherwise untimely expert reports, the court may, on its own motion, determine whether this is allowed under Rule 4003.5(b)." *Id*. at 159-160. In other words, the court must determine whether the party moving for summary judgment would be prejudiced by the inclusion of the supplemental expert report.

The *Kurian* court found that the appellees in that case would be prejudiced by the late inclusion of the expert report since the appellants had violated numerous court ordered deadlines and the report was offered on the day the parties were set to go to trial. *Id*. at 162. As it concerns the timing of the submission of the reports, we noted that allowing the report at such a late stage caused "unfair surprise and prejudice," since, "appellees would be

---

[7] Pennsylvania Rule of Civil Procedure 4003.5(b) reads,

> An expert witness whose identity is not disclosed in compliance with subdivision (a)(1) of this rule shall not be permitted to testify on behalf of the defaulting party at the trial of the action. However, if the failure to disclose the identity of the witness is the result of extenuating circumstances beyond the control of the defaulting party, the court may grant a continuance or other appropriate relief.

Pa.R.C.P. 4003.5(b).

'left with no time to evaluate and respond to the expert testimony.'" *Id*. We continued that such prejudice could be neutralized if the court delayed trial. However, we found that, therein, further delaying trial would "disrupt the efficient and just administration of justice and would send a blatant message that case management deadlines are meaningless." *Id*. We stated,

> [w]hen these deadlines are violated with impunity, as was done by the plaintiffs in this case, the abusing party must be prepared to pay the consequences. Usually the consequences are less than what occurred here, an order which effectively dismisses the lawsuit. Yet, when the other party suffers prejudice because of the unjustified delay, this result is proper and in accordance with Pennsylvania's Rules of Civil Procedure.

*Id*. Hence, we determined the court did not err in precluding the expert reports and granting summary judgment.

In the case *sub judice*, the trial court found that Administrators failed to timely respond to Pringle's motion for summary judgment when they filed their response in opposition five months after the answer was due. The court observed that, pursuant to **Kurian**, in order for it to accept the report, it had to be included in a timely response to a motion for summary judgment. The trial court also emphasized that Administrators had ignored numerous case management deadlines throughout the proceedings. Thus, it precluded the report from consideration, and finding no other evidence of record to establish that Pringle caused the explosion in question, the court granted summary judgment in favor of Pringle. We discern no abuse of

discretion in the trial court's preclusion of Administrators' unsigned expert report.

Initially, we note that Administrators rely on *Gerrow*, *supra*, and *Kurian*, *supra*, in support of their position. However, Administrators' argument presupposes that they filed a timely response to Pringle's motion for summary judgment with a signed expert report appended thereto. Neither condition was actually met. As a result of Administrators' errant presumptions, they offer no explanation for the tardiness of their response or their inability to proffer a signed expert report despite the fact that nearly three years passed from the institution of this action to the court's grant of summary judgment. For the reasons set forth below, this discrepancy is fatal to their claim.

Additionally, we observe that the trial court's statements with regard to Administrators' failure to follow the case management schedule appear to indicate that the court believed that Pringle would have been prejudiced if the court had considered the expert report. However, contrary to Administrators' contentions, a finding of prejudicial effect was unnecessary since the expert report was attached to an **untimely** response to a motion for summary judgment. *Kurian*, *supra* (holding that the court must apply "the long-standing prejudice standard found in the caselaw [sic] construing [Pa.R.C.P.] 4003.5(b)" when a party attempts to supplement the record with otherwise untimely expert reports attached to a timely response to a

- 10 -

summary judgment motion); *Commonwealth v. Reeves*, 866 A.2d 1115 (Pa. 2004) (finding trial court abused its discretion in failing to make prejudice determination after excluding expert reports attached to a timely response in opposition to summary judgment).

Herein, Keystone and Pringle filed motions for summary judgment six months after the completion of discovery and four months after Administrators were required to submit an expert report. Administrators filed their response to Pringle's motion for summary judgment five months after the deadline established by the rules of civil procedure had lapsed. *See* Pa.R.C.P. 1035.3(a) ("the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion[.]"). Under *Gerrow*, the trial court may only consider an otherwise untimely expert report as a supplement to the record when it is attached to a **timely** response to a motion for summary judgment. *Gerrow*, *supra*; *Kurian*; *supra*. To find otherwise would condone Administrators' numerous violations of the rules of civil procedure, and render the trial court's efforts at case management meaningless.[8]

---

[8] We note that Administrators included an ostensibly signed copy of the expert report in the reproduced record. This Court cannot consider documents outside of the official record. *See Brandon v. Ryder Truck Rental, Inc.*, 34 A.3d 104, 106 n.1 (Pa.Super. 2011) ("Any document which is not part of the official certified record is considered to be nonexistent, which deficiency may not be remedied by inclusion in the reproduced

*(Footnote Continued Next Page)*

Although the trial court's decision to ignore the unsigned expert report essentially guaranteed that Pringle would succeed on his motion for summary judgment, Administrators' own errors sowed the seeds of that decision.   Throughout the course of this matter, and on appeal, Administrators have failed to ensure that this case proceeded expeditiously through the system.   As such, the trial court did not abuse its discretion in omitting Administrators' unsigned expert report from consideration. **Cooper**, **supra**; **Kurian**, **supra**.   The court correctly analyzed the motion for summary judgment, and concluded that Administrators could not establish a *prima facie* case absent expert testimony.   Hence, Pringle was entitled to summary judgment and Administrators are not entitled to relief.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/1/2017

*(Footnote Continued)* ————————————

record."). Furthermore, nothing in the record indicates that a signed expert report was presented to the trial court, and even if Administrators had attempted to remedy their error following the court's grant of summary judgment in favor of Pringle, the court could not have considered the report. **See Wolloch v. Aiken**, 815 A.2d 594 (Pa. 2002).