J-A03009-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CARL F. MILLER, JR., AN INDIVIDUAL, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| DAVIES FORD, INC., A CORPORATION, | : | |
| | : | |
| Appellee | : | No.  424 WDA 2018 |

Appeal from the Judgment Entered February 14, 2018
in the Court of Common Pleas of Washington County
Civil Division at No(s): 2012-19

BEFORE:  BOWES, J., SHOGAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:                    **FILED APRIL 9, 2019**

Carl F. Miller, Jr. appeals *pro se* from the judgment entered on February 14, 2018, after the trial court denied Miller's motion to remove the nonsuit it entered against him and in favor of Davies Ford, Inc.  We affirm.

We provide the following background, as summarized by the Commonwealth Court in a prior appeal, which reversed an order granting summary judgment in favor of Davies Ford.[1]

---

* Retired Senior Judge assigned to the Superior Court.

[1] As the Commonwealth Court acknowledged, an appeal from an order granting summary judgment in a civil action between two private parties would normally be within the purview of the Superior Court, not the Commonwealth Court.  However, since Miller appealed to the Commonwealth Court and neither party objected to the Commonwealth Court's considering the appeal, the Commonwealth Court elected to dispose of the appeal. **See Miller v. Davies Ford**, 152 A.3d 405 (Pa. Cmwlth. 2016) (unreported decision at 1 n.1).

In 2009, Ford Motor Company (Ford) issued a recall notice informing consumers that a speed control deactivation switch (SCDS) installed in certain vehicles could potentially cause a fire in the engine compartment. Miller was the owner of a 1993 Ford E150 conversion van subject to the recall. On or about October 9, 2009, Miller received the recall notice. Soon thereafter, Miller delivered the van to Davies Ford, a Ford dealership, to have the SCDS replaced. That same day, Miller returned to retrieve his vehicle and was informed that the SCDS had been repaired. On October 14, 2009, the van caught fire, resulting in damage to the engine compartment and interior. At the time of the fire, the van was unattended and the engine was off. Miller alleged that the fire and resulting damage were directly caused by Davies Ford's negligence in failing to properly repair the defective SCDS.

[Miller filed an arbitration complaint on January 19, 2012.] The case was eventually referred to an arbitration panel on January 20, 2014. The panel issued an award in favor of Davies Ford, concluding that Miller had failed to offer sufficient evidence to prove his claim. Miller then appealed the panel's decision to the trial court on February 20, 2015. Davies Ford filed a motion for summary judgment on March 19, 2015, arguing that Miller had failed to offer evidence to prove two elements of his claim for negligence. On April 14, 2015, Miller filed a response to Davies Ford's motion, attaching a copy of an expert report by a mechanic. The expert report stated that the fire originated from the area in the engine compartment where the SCDS was located and was likely caused by the malfunctioning SCDS.

After oral argument, the trial court granted Davies Ford's motion, concluding that Miller had failed to offer evidence showing that Davies Ford was negligent, and, moreover, even if Miller had shown that Davies Ford was negligent, he had failed to demonstrate that Davies Ford's actions were the cause-in-fact of the fire. In its opinion, the trial court noted that Miller's expert report specifically stated that "the entire left front portion of the engine compartment and its components had been completely destroyed and [were] incapable of being recognized." (Response to Motion for Summary Judgment, Attachment at 1). The trial court emphasized that the expert had admitted that the engine contents were unrecognizable, yet he was still able to determine that either a master cylinder or the SCDS had caused the fire.

*Miller*, 152 A.3d 405 (unreported decision at 1) (footnotes omitted).

Miller filed a notice of appeal to the Commonwealth Court arguing that the trial court erred in "(1) concluding that he had failed to present sufficient evidence of the breach and causation elements of negligence; (2) requiring expert testimony to prove his claim for negligence; and (3) failing to apply the doctrine of *res ipsa loquitor*." *Id*. at 2. On appeal, the Commonwealth Court agreed with the trial court that expert testimony was indeed required to prove Miller's negligence action. *Id*. The Commonwealth Court also concluded the trial court did not err in concluding that the doctrine of *res ipsa loquitur* was not applicable in this case. *Id*. at 3. However, the Commonwealth Court concluded that the trial court erred in discounting the expert opinion offered by Miller's expert, concluding that the expert "unequivocally concludes that the SCDS was the cause of the fire and the method used by Davies Ford to repair the SCDS was not the proper method to correct the malfunctioning component." *Id*. at 4. Thus, the Commonwealth Court reversed the order granting summary judgment on this basis.

The case returned to the trial court, and a jury trial was scheduled for October 24, 2017.

> On the morning of trial, [Miller], appearing *pro se* throughout this proceeding, took the stand and told the jury about his ownership of the van, the recall notice, the repair and the subsequent fire. He next called James Davies, the president of Davies Ford []. [Miller] examined Davies closely on the issues of whether a road test occurred, or should have occurred, after the [SCDS] was repaired or replaced. Finally, [Miller] called one Daniel Reed, a friend who had accompanied him to [Davies Ford] on the day of the repair. Reed testified that he spoke to one of [Davies Ford's] salesmen who said the repair was only half done.

There was no testimony as to exactly who the salesman was or why a salesman would be conversant or knowledgeable about service work.

Daniel Reed concluded his testimony shortly after the lunch break. At that point [Miller] had no other witnesses. Apparently[,] he intended to rely on the expert testimony of Paul Reed to establish causation and damages, but Paul Reed (Daniel's brother) was not present.

The Court: And this is the time for him to be here to tell us about [causation and damages].

[] Miller: Exactly. I thought he was – I had written him, but I didn't subpoena him, and that is my fault. I just figured you subpoenaed him, [counsel for Davies Ford].

[Counsel for Davies Ford]: I never gave any indication of that.

[N.T., 10/24/2017, at 117-18.]

Whereupon, [Miller] seemed to request a continuance to obtain [] his expert witness. "I mean, [all] I can request of the [c]ourt, and we could have this tied up in the morning, is I'm going to go get the expert witness…" [*Id*. at 119.] [The trial court] denied the motion because on the day set for trial, [Miller] had no evidence of causation and no excuse for his failure to provide that evidence. The date had been set for seven months, there had been extensive discovery, the jury was waiting. [Davies Ford] was present with its expert witness. [Davies Ford's attorney] advised that the case could be concluded that day. [*Id*.] at 121. At this point, [Davies Ford] moved for a nonsuit, which [the trial court] granted.

Trial Court Opinion, 1/30/2018, at 2-3.

On November 6, 2017, Miller filed a motion for post-trial relief, wherein he claimed that the trial court erred in granting various motions in limine filed

- 4 -

by Davies Ford prior to trial, by granting a nonsuit,[2] and denying his request for a continuance. Miller also argued the trial judge acted improperly toward him during trial.[3] *See* Motion for Post-Trial Relief, 11/6/2017.

On January 30, 2018, the trial court filed an opinion and order denying Miller's post-trial motion. Miller entered judgment on February 14, 2018, and filed a notice of appeal to the Commonwealth Court the same day. The Commonwealth Court transferred the appeal to this Court.[4]

On appeal, Miller's argument is confusing and difficult to follow.[5] *See* Miller's Brief at 14-23. To the extent we can discern Miller's argument, he claims the trial court erred in several respects. He first claims that he set forth sufficient evidence to establish his case for negligence against Davies Ford. *Id*. at 14-17. He further claims the trial court erred in granting summary

---

[2] A motion to remove a nonsuit is properly filed in a motion for post-trial relief. *See* Pa.R.C.P. 227.1(a)(3).

[3] Miller does not argue on appeal that the trial court erred in denying a continuance request or that the trial judge acted improperly toward him during trial.

[4] The trial court did not order Miller to file a concise statement of errors complained of on appeal, and no new opinion has been filed by the trial court. However, the trial court did file a comprehensive opinion, as cited *supra*, in support of its denying Miller's motion for post-trial relief.

[5] We also observe that Miller's argument section violates several Rules of Appellate Procedure. For example, Miller sets forth four questions for our review, *see* Miller's Brief at 5-6, but he does not divide his argument "into as many parts as there are questions to be argued," in violation of Pa.R.A.P. 2119(a). In addition, Miller's brief does not contain a single citation to the transcript of the jury trial in violation of Pa.R.A.P. 2119(c).

judgment on his negligence claim where he satisfied the elements of *res ipsa loquitur*. **Id**. at 17-23. He then faults Davies Ford because it "has not presented any testimony or evidence whatsoever that proved the fire to [Miller's] vehicle was caused by any other component in the vehicle." **Id**. at 23.

>   In considering the aforementioned, we point out that

>   [i]n reviewing the entry of a nonsuit, our standard of review is well-established: we reverse only if, after giving appellant the benefit of all reasonable inferences of fact, we find that the factfinder could not reasonably conclude that the essential elements of the cause of action were established. When a nonsuit is entered, the lack of evidence to sustain the action must be so clear that it admits no room for fair and reasonable disagreement.... The fact-finder, however, cannot be permitted to reach a decision on the basis of speculation or conjecture.

**Vicari v. Spiegel**, 936 A.2d 503, 509 (Pa. Super. 2007) (internal citations and quotation marks omitted).

>   Here, as discussed *supra*, Miller was claiming that Davies Ford was negligent in its replacement of the SCDS, and this negligence caused the fire that ruined his vehicle. The Commonwealth Court held expert testimony was both required and necessary to prove negligence in this case.

>   Expert testimony is not required in all negligence cases; however, it is required "when the subject matter of the inquiry is one involving special skills and training not common to the ordinary lay person." **Storm v. Golden**, 538 A.2d 61, 64 (Pa. Super. 1988) (internal citations omitted). [] Miller's claim for negligence hinges upon whether the faulty SCDS was the cause-in-fact of the fire, and, if so, whether Davies Ford correctly serviced the van as instructed by the recall notice. A defect or mechanical failure in an automobile is a case involving special skills and training which requires expert testimony to prove negligence. **Brandon v.**

> ***Ryder Truck Rental, Inc.***, 34 A.3d 104, 110 (Pa. Super. 2011). Whether the SCDS was correctly serviced and whether the SCDS malfunctioned are determinations beyond the skills and training of an ordinary lay person. The trial court, therefore, did not err in determining that an expert witness is required to prove negligence in this case.

***Miller***, 152 A.3d 405 (unreported decision at 2).

Instantly, it is undisputed that at trial Miller did not have his expert available to testify. Therefore, Miller could not establish that Davies Ford was negligent because "the factfinder could not reasonably conclude that the essential elements of the cause of action were established." ***Vicari***, 936 A.2d at 509. Thus, we conclude trial court did not err in granting Davies Ford's motion for nonsuit.[6]

Judgment affirmed.

---

[6] With respect to Miller's claim that the trial court should have let him pursue a *res ipsa loquitur* theory, the Commonwealth Court has already ruled that such a theory is inapplicable in this case. Therefore, the law of the case has been established with respect to this theory. ***See Commonwealth v. Starr***, 664 A.2d 1326, 1331 (Pa. 1995) (The law of the case "doctrine refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter.").

Furthermore, we point out that the trial court here granted Davies Ford's motion for nonsuit; thus, Davies Ford was not required to produce any evidence whatsoever because the trial court concluded that Miller had not produced sufficient evidence to establish his claim.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/9/2019