J-A13016-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: Q.P., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: Q.P., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1513 WDA 2023 |

Appeal from the Order Entered November 29, 2023
In the Court of Common Pleas of Allegheny County
Juvenile Division at No(s): CP-02-DP-0000481-2023

BEFORE: OLSON, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY SULLIVAN, J.:　　　　　　　**FILED: June 28, 2024**

Q.P. ("Mother") appeals from the trial court's order adjudicating her minor son, Q.P., dependent. We vacate and remand for further proceedings consistent with this memorandum.

In September 2023, Mother, with the consent of Q.P.'s father, J.P. ("Father"), filed an application to file a private dependency petition, in which she sought to have Q.P. adjudicated dependent, because Q.P. had "been very disrespectful," run away, skipped school, used drugs, and been arrested in connection with auto thefts. *See* Application to File Private Dependency Petition / Private Dependency Petition, 9/27/23, at 2. Mother cited, as grounds for the dependency adjudication, 42 Pa.C.S.A. § 6302(5), (6) (truancy and "habitual disobedience," respectively). Notably, the Allegheny County Office of Children, Youth and Families ("CYF"), did not subsequently file a petition asserting section 6302(1) (defining a dependent child as one

who is "without proper parental care or control . . . necessary for his physical, mental, or emotional health, or morals"). The trial court granted Mother's application to file a private dependency petition. *See* Order, 10/2/23. Notwithstanding that neither Mother nor CYF asserted section 6302(1) as grounds for the dependency adjudication, following an evidentiary hearing at which Mother was not represented by counsel, discussed *infra*, the trial court adjudicated Q.P. dependent pursuant to sections (1), (5), and (6). *See* Order, 11/29/23.

The trial court set forth in more detail the factual and procedural history as follows:

> [Following the private dependency petition, the court held an evidentiary hearing.] ***Mother appeared before th[e] court [at the adjudication hearing] without an attorney.*** Father appeared before th[e] court, represented by an attorney. [Q.P.] appeared before th[e] court represented by an attorney[, his appointed guardian *ad litem* ("GAL")]. . . . [There is no indication in the certified record that the trial court colloquied Mother at the hearing about her right to counsel or to determine whether she was waiving that right.]

> \* \* \* \*

> Mother testified that [Q.P.] did not listen to her parental advice, and that he frequently ran away from home and stayed away several months at a time. Neither parent would know his whereabouts. Mother testified that she believed that [Q.P.] did not attend school every day as she had been keeping in contact with the social worker at school regarding [Q.P.]'s attendance. Mother also said that she received phone calls from the school advising her of [Q.P.]'s absences. Mother was unable to advise the court how many days out of a two[-]month period that [Q.P.] was out of school.

Father testified that [Q.P.] had not been in the family home for several months. Father said that the last time that he spoke with [Q.P.] was when Father went to the headquarters of the police station to get [Q.P.]. [Q.P.] had been arrested after a SWAT team had conducted a raid on a residence where [Q.P.] and some of his cousins were located. Apparently the subject of the investigation was a car theft ring operating in the City of Pittsburgh. The investigation was still pending at the time of this hearing, and [Q.P.] had not been charged criminally. Father testified that [Q.P.] had been rebellious and had sent his cousins to threaten Father. Father said that [Q.P.] had failing grades in school, and that his entire report card was "E" grades or failing grades. Father also testified that [Q.P.]'s bad behavior was being mimicked by his siblings. One of [Q.P.]'s brothers had been suspended from school for three days for fighting, and Father was attributing that behavior to [Q.P.]'s influence. Father said that [Q.P.] had been arrested twice, and that he was afraid that if the court did not take immediate action that [Q.P.] may get in worse trouble. Father also testified to [Q.P.]'s use of marijuana as an additional concern. Father had caught [Q.P.] smoking marijuana. Father wants [Q.P.] to attend counseling. Father admits to soliciting a nephew to fight with [Q.P.]. Father admits to locking [Q.P.] out of the family home when [Q.P.] refused to obey Father and come inside.

[Q.P.] testified that he does smoke marijuana. He said that he does attend school regularly, and believes that he has only missed three or four days from school. He has been staying at a friend's house on the "West Side." He said that he did not want to stay at home because he and his Father got into fights. He said that he was concerned for his safety because his Father would get his [relatives] to fight [Q.P.]. [Q.P.] has spoken with a social worker or counselor about the situation. [Q.P.] wants to continue to reside at his friend's house, and he does not want to be adjudicated dependent. [Q.P.] has been arrested while riding in a stolen car. The driver and the other passenger are the two boys residing in the house where [Q.P.] wants to continue to reside.

Th[e] court adjudicated [Q.P.] to be dependent[,] as he commits acts of habitual disobedience and he is found not to be attending school as required by law. [Q.P. was] adjudicated dependent pursuant to 42 Pa.C.S.[A.] § 6302(1), (5) and (6).

Trial Court Opinion, 1/7/24, at 1-3 (unnecessary capitalization omitted).

Mother filed post-hearing motions in which she sought, *inter alia*, to have the dependency order vacated "insofar as it indicates that [Q.P.] is found to be a dependent child pursuant to [section] 6302(1)." Motion to Vacate, 12/8/23 (proposed order). The trial court denied Mother's motion to vacate. *See* Order, 12/13/23. Mother timely appealed. *See* Notice of Appeal, 12/22/23.

Mother raises the following issue for our review:

> Did the trial court abuse its discretion and/or err as a matter of law by adjudicating Q.P. dependent pursuant to 42 Pa.C.S.[A.] § 6302(1) without a pleading before the court alleging dependency pursuant to 42 Pa.C.S.[A.] § 6302(1)?

Mother's Brief at 10.

Our standard of review in dependency matters is as follows:

> In dependency cases, our standard of review requires us to accept the findings of fact and credibility determinations of the trial court if they are supported by the record, but does not require us to accept the lower court's inferences or conclusions of law. Accordingly, we review for an abuse of discretion.

*Interest of S.U.*, 204 A.3d 949, 963 (Pa. Super. 2019) (*en banc*) (internal citations, quotations, and brackets omitted). "An abuse of discretion is not merely an error of judgment, but is, *inter alia*, a manifestly unreasonable

judgment or a misapplication of law." ***In re A.T.***, 81 A.3d 933, 936 (Pa. Super. 2013) (internal citation and quotations omitted).[1]

Mother argues the trial court erred in finding grounds for dependency pursuant to section 6302(1), *i.e.*, where a child "is without proper parental care or control, subsistence, education as required by law, or other care or control necessary for his physical, mental, or emotional health, or morals," 42 Pa.C.S.A. § 6302(1), because Mother had not alleged these grounds in her dependency petition. ***See*** Mother's Brief at 22-27. Mother additionally argues she proceeded *pro se* without the court performing a proper colloquy on the record about waiving her right to counsel. ***See id***. at 31-33. Because Mother's second argument may be dispositive, we address it first.[2]

With regard to a party's right to counsel, section 6337 of the Juvenile Act[3] provides:

> [A] party is entitled to representation by legal counsel at all stages of any proceedings under this chapter and if he is without financial resources or otherwise unable to employ counsel, to have the court provide counsel for him. ***If a party other than a child appears at a hearing without counsel the court shall***

---

[1] "The burden of proof in a dependency proceeding is on the petitioner to demonstrate by clear and convincing evidence that a child meets that statutory definition of dependency." ***Interest of S.U.***, 204 A.3d at 963.

[2] We note that Mother did not raise this issue before the trial court or in her Rule 1925(b) statement, but pursues it in her brief. We may address this issue *sua sponte*. ***See Interest of S.U.***, 204 A.3d at 966-67, 968 n.2 (Dubow, J. concurring) (noting that this Court may *sua sponte* address the right to counsel in a dependency proceeding).

[3] ***See*** 42 Pa.C.S.A. § 6301 *et seq*.

- 5 -

***ascertain whether he knows of his right thereto and to be provided with counsel by the court if applicable.*** The court may continue the proceeding to enable a party to obtain counsel. ...

42 Pa.C.S.A. § 6337 (emphasis added).

We have defined "party" to include "(1) the parents of the juvenile whose dependency status is at issue; (2) the legal custodian of the juvenile whose dependency status is at issue, or (3) the person whose care and control of the juvenile is in question." ***In re J.S.***, 980 A.2d 117, 122 (Pa. Super. 2009).

The Pennsylvania Rules of Juvenile Court Procedure address the process for safeguarding the right to counsel. Pennsylvania Rule of Juvenile Court Procedure 1151(E) states:

> E. **Counsel for other parties.** ***If counsel does not enter an appearance for a party, the court shall inform the party of the right to counsel prior to any proceeding.*** If counsel is requested by a party in any case, the court shall assign counsel for the party if the party is without financial resources or otherwise unable to employ counsel. Counsel shall be appointed prior to the first court proceeding.

Pa.R.J.C.P. 1151(E) (emphasis added).

The comment to Rule 1151(E) states:

> Pursuant to paragraph (E), the court is to inform all parties of the right to counsel if they appear at a hearing without counsel. If a party is without financial resources or otherwise unable to employ counsel, the court is to appoint counsel prior to the proceeding. Because of the nature of the proceedings, it is extremely important that every "guardian" has an attorney. Therefore, the court is to encourage the child's guardian to obtain counsel. Pursuant to [Pa.R.J.C.P.] 1120, a guardian is any parent, custodian, or other person who has legal custody of a child, or

- 6 -

person designated by the court to be a temporary guardian for purposes of a proceeding.

Pa.R.J.C.P. 1151 cmt. Examining this rule, we have held:

In sum, it is undisputed that Rule 1151(E) mandates that a parent be appointed counsel prior to the first court proceeding. Pa.R.J.C.P. 1151(E). The remainder of the Rule centers on the notice of a party's right to counsel where counsel has not entered an appearance on that party's behalf. ***Where counsel has not entered an appearance or where a party appears at a hearing unrepresented, the court must provide notice to the party of his or her right to counsel.***

***Interest of S.U.***, 204 A.3d at 960 (emphasis added).

Rule 1152(B), which discusses waiver of counsel, provides "a party may waive the right to counsel if: (1) the waiver is knowingly, intelligently, and voluntarily made; and (2) the court conducts a colloquy with the party on the record." Pa.R.J.C.P. 1152(B).

Mother argues, *inter alia*, that the trial court violated her statutory right to counsel, as the legislature has "put[] the responsibility for securing this right squarely on the court[.]" Mother's Brief at 31. Mother asserts that the trial court performed no inquiry on the record as to "whether Mother knew of her right to counsel and/or desired to be represented by counsel." ***Id***. at 32-33.

Of note, CYF concurs with Mother's argument that the trial court "failed to advise Mother of her right to counsel at the adjudicatory hearing[,] and Mother did not effectively waive her right to counsel." CYF's Brief at 8. CYF,

accordingly, argues the trial court abused its discretion and/or committed an error of law on this basis. ***See id***. at 11.

Q.P. contests that Mother's waiver of her right to counsel was invalid by pointing to an exchange—which he acknowledges is not transcribed and not of record—between the trial court and Mother, in which the trial court asked whether Mother wanted to proceed *pro se* or with her present attorney, who had indicated she could not represent Mother at that time as she was unprepared because Mother obtained counsel the day before the hearing. ***See*** GAL Brief at 18-19. Mother acknowledges the truth of some of Q.P.'s assertions, but maintains the trial court indicated it would not continue the case for counsel to prepare for the hearing, and that the court only offered Mother the choice of proceeding with unprepared counsel or *pro se*. ***See*** Mother's Reply Brief at 5-7. In any event, none of the above is transcribed and contained within the certified record.[4]

Following our review, we conclude the trial court deprived Mother of her statutory right to counsel. It is uncontested that Mother proceeded *pro se* for the hearing, and there are no pre-hearing notices in the certified record

---

[4] ***See Brandon v. Ryder Truck Rental, Inc.***, 34 A.3d 104, 106 n.1 (Pa. Super. 2011) (providing that this Court may not consider anything not part of the record). We observe conflicts in the trial court's orders as well. The first order of adjudication lists Mother attending without counsel; however, an amended order of adjudication lists counsel for Mother as attending. Regardless, the notes of testimony from the hearing omit any reference to Mother's attorney and her attorney did not speak or participate in the hearing.

- 8 -

informing Mother of her right to counsel for the hearing. Any pre-hearing conversations between Mother and the trial court are not contained in the certified record, and so we are unable to evaluate them. Indeed, our review of the notes of testimony reveals that Mother litigated her petition *pro se* with no discussion whatsoever on the record of her statutory right to counsel or her waiver of that right. **See generally** N.T., 11/29/23.[5] Thus, the trial court failed to inform Mother of her statutory right to counsel and determine whether she waived that right prior to the hearing. **See** 42 Pa.C.S.A. § 6337 (providing that a party is entitled to representation for a dependency hearing); Pa.R.J.C.P. 1151(E) (requiring parties to be informed of their right to counsel and also the appointment of counsel where a party is unable to obtain representation); **Interest of S.U.**, 204 A.3d at 960 (holding that "[w]here counsel has not entered an appearance or where a party appears at a hearing unrepresented, the court must provide notice to the party of his or her right to counsel").[6]

_____

[5] Additionally, the certified record reveals that the trial court adjudicated Q.P. dependent on November 29, 2023. **See** Order of Adjudication and Disposition – Amended 11/29/23. Two attorneys entered their appearance for Mother on November 30, 2023, *i.e.*, the day after the hearing, which further evinces that Mother had no counsel representing her for the hearing.

[6] Based on our disposition, we need not reach Mothers additional argument, namely, that the trial court erred in adjudicating Q.P. dependent pursuant to section 6302(1) where those grounds were not alleged in the petition. However, we note that the trial court plainly erred in this respect. The comment to Rule 1409 of the Pennsylvania Rules of Juvenile Court Procedure
*(Footnote Continued Next Page)*

Accordingly, we vacate the order adjudicating Q.P. dependent and remand for a new dependency hearing, where the court shall colloquy Mother about her right to counsel and appoint counsel if Mother requests counsel but is without financial resources to employ counsel.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

6/28/2024

_____

provides: "The court is to specify which allegations in the petition are the bases for the finding of dependency . . .. **The court is to make an adjudication of dependency based upon the allegations in the petition, not on alternative grounds**," because "[d]ue process and fundamental fairness require adequate notice of the allegations to afford a reasonable opportunity to prepare a defense." Pa.R.J.C.P. 1409, cmt. (emphasis added). **See also In re R.M.**, 790 A.2d 300, 305-06 (Pa. 2002) (holding that "reasonable factual specificity" in support of the theory "warranting an adjudication of dependency" is required to comport with due process).