J. A03014/16

2016 PA Super 142

| | | |
|---|---|---|
| THOMAS WILLIAMS, ADMINISTRATOR OF:<br>THE ESTATE OF GARDENIA WILLIAMS,<br>DECEASED, | : | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| PENN CENTER FOR REHABILITATION<br>AND CARE AND HOSPITAL OF THE<br>UNIVERSITY OF PENNSYLVANIA AND<br>TRUSTEES OF THE UNIVERSITY OF<br>PENNSYLVANIA AND MANOR CARE OF<br>YEADON, LLC AND MANOR CARE INC.<br>D/B/A MANOR CARE HEALTH SERVICES | : | No. 1167 EDA 2014 |

Appeal from the Judgment Entered March 19, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division No(s): May Term, 2011 No. 3790

BEFORE: GANTMAN, P.J., MUNDY, J., and DUBOW, J.

OPINION BY DUBOW, J.:                               **FILED JULY 05, 2016**

Appellant, Thomas Williams, Administrator of the Estate of Gardenia

Williams, appeals from the judgment entered in favor of Appellees, Penn

Center for Rehabilitation and Care and Hospital of University of

Pennsylvania, following a jury trial.  We conclude that the trial court acted

within its discretion when it dismissed Appellant's Post-Trial Motion because

Appellant failed to comply with its order to obtain the Notes of Testimony

prior to filing his Post-Trial Motion.  Accordingly, we affirm.

On June 2, 2011, Appellant filed a Complaint alleging negligence and

corporate negligence against Appellees, and a claim for breach of an oral

contract against Appellee Penn Center and Manor Care of Yeadon, LLC and Manor Care, Inc., d/b/a Manor Care Health Services ("Manor Care"). In an Amended Complaint filed on July 8, 2011, Appellant added wrongful death and survival actions against Manor Care. On February 27, 2012, the trial court sustained Manor Care's Preliminary Objections resulting in the transfer of the wrongful death and survival actions against them to arbitration.

After a fourteen-day trial, the jury entered a verdict for Appellees on December 12, 2013. Appellant filed a Motion for Post-Trial Relief on December 18, 2013. The next day, the trial court ordered Appellant to file his Post-Trial Brief within thirty days of receipt of the Notes of Testimony, but no later than February 2, 2014. The court ordered Appellees to file a response by March 3, 2014.

On January 30, 2014, Appellant, without having obtained the Notes of Testimony, filed a Brief in Support of his Motion for Post-Trial Relief, asserting 16 claims of error, and attaching over 500 pages of exhibits. On February 28, Appellees filed their responses, alerting the trial court to Appellant's failure to obtain and cite to the Notes of Testimony. Appellees argued in their briefs that Appellant's neglect prevented them from being able to conduct meaningful substantive review of Appellant's claims of error.

The trial court agreed, finding that Appellant had neither obtained the Notes of Testimony for significant dates nor cited to them in his Post-Trial Brief. Consequently, the trial court dismissed Appellant's Post-Trial Motion

on March 14, 2014. The court noted that, "[Appellant] failed to make financial arrangements for preparation of the Notes of Testimony." Trial Ct. Order, 3/14/14, n.1. On March 17, 2014, Appellant filed a Motion for Reconsideration, even though Appellant still had not obtained the Notes of Testimony. The trial court denied the Motion on April 9, 2014. Meanwhile, on March 19, 2014, Appellees filed a Praecipe to Enter Judgment on the jury's verdict pursuant to Pa.R.C.P. 227.4(2).

On April 9, 2014, Appellant filed a timely Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925. On October 6, 2014, the trial court ordered Appellant to file an addendum to his Rule 1925(b) Statement with page citations to the trial record demonstrating where in the record the alleged errors had been raised and ruled upon. Appellant complied with this order on November 17, 2014.

Appellant raises the following issues on appeal:

> Whether the trial court erred as a matter of law, abused its discretion, and committed reversible error in dismissing Appellant's post-trial [motion] for failure to obtain notes of testimony?
>
> Whether the trial court erred as a matter of law, abused its discretion, and committed reversible error in excluding Appellant's claims of corporate negligence per se against Appellees and entered [sic] a non-suit?
>
> Whether the trial court erred, abused its discretion, and committed reversible error in prohibiting Appellant from the use [sic] applicable laws, regulations, and rules at trial?

> Whether the trial court [ ] erred in permitting novel scientific evidence offered by Appellees in contravention of ***Frye v. United States***, [293 F. 1013 (D.C. Cir. 1923)], and in contravention of Pa.R.E. 702, 703, and 705?

Appellant's Brief at 6.

In his first issue, Appellant argues that the trial court erred as a matter of law in dismissing his Post-Trial Motion for failure to obtain and cite to the Notes of Testimony. Appellant claims that he timely ordered transcription of the Notes of Testimony, but never received a request for deposit or payment from the court reporters. ***Id.*** at 16. Appellant also claims that the trial court's order did not actually require him to "'secure' the Notes of Testimony on or before February 2, 2013, or by any date, but to file the [b]rief by February 2, 2013, with or without the transcript." ***Id.*** at 15.

We review the trial court's enforcement of a local procedural rule for an abuse of discretion. ***Guttman v. Rissinger****,* 482 A.2d 1324, 1324 (Pa. Super. 1984).

Philadelphia County Local Rule of Civil Procedure 227(d)(2) provides that the court reporter shall deliver a copy of the notes of testimony to any party who has requested *and* paid for them.

The trial court's order directing Appellant to obtain the Notes of Testimony reads, in relevant part, that, "[Appellant's] Brief in Support of the Post Trial Motion must be filed within thirty (30) days of receipt of the Notes of Testimony, but no later than February 2, 201[4]." Trial Ct. Order, 12/19/2013.

Although the record is clear that Appellant ordered the Notes of Testimony on December 13 and December 18, 2013, there is no evidence in the record substantiating Appellant's claim that he paid the court reporter to obtain them. In fact, the trial court specifically found that "[Appellant] failed to make financial arrangements for preparation of the [n]otes of [t]estimony." Trial Ct. Order, 3/14/14, n.1.

In **Roski v. Halfway House, Inc.**, 579 A.2d 392 (1990), this Court affirmed the trial court's dismissal of the defendant's post-trial motion, under a former version of Phila.Civ.R. 227, because there was no evidence that the defendant's counsel ever made a deposit on the transcript. The Superior Court concluded, therefore, that the defendant failed to "order" the transcript and to exercise "due diligence" in having the transcript prepared. **Id.** at 394.

In this case, notwithstanding that Appellant requested the Notes of Testimony, Appellant did not pay for the Notes of Testimony. Therefore, Appellant did not exercise "due diligence" to ensure prompt receipt of the Notes of Testimony. **See id.** This neglect prevented both Appellees and the trial court from being able to conduct meaningful and timely substantive review of the Appellant's claims of error.[1] Accordingly, the trial court did not abuse its discretion in dismissing Appellant's Post-Trial Motion.

---

[1] This Court also observes that Appellant could have filed a Motion for Extension of Time to obtain the Notes of Testimony if Appellant needed

Appellant's remaining issues challenge the trial court's decision to enter a non-suit on Appellant's corporate negligence claim and the court's ruling on evidentiary issues. Appellant raised those issues in his Post-Trial Motion and in his Rule 1925(b) Statement. Notwithstanding, we find those issues waived.

When a party fails to comply with the rules governing Post-Trial Motion practice, the trial court may refuse to address the issues raised therein, and this Court has held that those issues are not preserved for appeal. **See Kennel v. Thomas**, 804 A.2d 667, 668 (Pa. Super. 2002). Similarly, we hold that when a party fails to comply with an order to obtain the Notes of Testimony, and as a result of the party's own non-compliance the trial court is unable to address the issues raised in the Post-Trial Motion, those issues are waived.

In this case, the trial court properly dismissed Appellant's Post-Trial Motion as a result of Appellant's failure to exercise due diligence to pay for the Notes of Testimony. Since the Appellant failed to pay for the Notes of Testimony, he could not obtain them and the trial court could not address the merits of the issues Appellant raised in his Post-trial Motion. **See Roski,**

---

additional time to obtain the funds to pay for the Notes of Testimony to comply with the court's December 19, 2013 Order. Alternatively, if Appellant was, in fact, confused by the language of the court's Order, he could have filed a Motion for Clarification. Appellant chose to do neither, resulting in an incomplete Post-Trial Motion on which the trial court could not properly rule.

579 A.2d at 394. Therefore, those issues are waived. ***See id.***; ***see also Diamond REO Truck Co. v. Mid-Pacific Indus., Inc.***, 806 A.2d 423 (Pa. Super. 2002) (issues waived for failure to file post-trial motions or for other reasons cannot be revived or saved simply by raising those issues in a 1925(b) statement).

Judgment affirmed. Jurisdiction relinquished.

President Judge Gantman joins the opinion.

Judge Mundy concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/5/2016