J-A17034-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| D & L TYPING SERVICE, INC., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| THE PENN STATE MILTON S. HERSHEY MEDICAL CENTER, | |
| Appellee | No. 3014 EDA 2016 |

Appeal from the Judgment Entered August 12, 2016
in the Court of Common Pleas of Monroe County
Civil Division at No.: 3461-CV-2010

BEFORE:  GANTMAN, P.J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED SEPTEMBER 08, 2017**

Appellant, D & L Typing Service, Inc., appeals from the judgment entered in favor of Appellee, The Penn State Milton S. Hershey Medical Center, in this breach of contract action.[1]  We affirm.

We take the following relevant factual and procedural history from the trial court's October 12, 2016 opinion and our independent review of the certified record.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant purports to appeal from the denial of its post-trial motions. "[H]owever, an appeal properly lies from the entry of judgment, not from the denial of post-trial motions."  **Croyle v. Dellape**, 832 A.2d 466, 470 (Pa. Super. 2003) (citation and internal quotation marks omitted).  We have amended the caption accordingly.

On December 16, 2005, Appellee and Appellant entered into an agreement wherein Appellant would provide overflow transcription services for medical dictation to Appellee. The contract did not provide Appellant with any volume guarantees. The agreement took effect on January 1, 2006, and was to run until December 31, 2008. Beginning in January 2006, Appellant began developing the programs necessary to handle transcription from Appellee's system. On August 7, 2006, it began transcribing medical documents. In June 2007, Appellee stopped sending Appellant further dictation.

On April 19, 2010, Appellant filed a breach of contract action against Appellee, alleging that it was entitled to almost 4.5 million dollars in damages. The trial court explained the ensuing procedural history, as follows:

> After two separate interlocutory appeals to the Superior Court on venue grounds, [Appellee] filed its answer and new matter on January 2, 2014. [Appellant] closed the pleadings by filing its reply to new matter on January 17, 2014. After several motions and hearings during discovery, the case was set for a jury trial during the July 2016 trial term. Following a jury trial on July 6-14, 2016, the jury returned a defense verdict on an interrogatory verdict sheet. Thereafter, [Appellant] filed post[-]trial motions . . . on July 22, 2016[.] [Appellant's] post-trial motion did not specify any portion of the trial record to be transcribed. On July 29, 2016, [Appellee] filed objections to [Appellant's] failure to designate portions of the record to be transcribed pursuant to Pa.R.C.P. 227.3 and [a] motion to dismiss portions of [Appellant's] post[-]trial motions . . . . On August 3, 2016, [the trial court] issued an order denying [Appellant's] post-trial motion, based upon [Appellant's] failure to "designate any portions of the trial transcript to be transcribed

pursuant to Pa.R.C.P. 227.3 and Monroe Co.R.C.P. 227.1[.]" (Order, 8/03/16).

Thereafter, [Appellant] filed an expedited motion for transcript of trial on August 10, 2016 []. [Appellee] filed a *praecipe* for entry of judgment on verdict on August 12, 2016, which was entered the same day. On August 15, 2016, [the trial court] denied [Appellant's] transcript motion by order. [Appellant] filed the instant notice of appeal . . . on August 31, 2016[.] . . . No request for a trial transcript accompanied the notice of appeal. Thereafter, [the court] issued an order on September 2, 2016, directing [Appellant] to file a concise statement of errors complained of on appeal within [twenty-one] days as required by Pa.R.A.P. 1925(b) [], which [Appellant] filed on September 8, 2016. [**See** Pa.R.A.P. 1925(b). The court filed an opinion on October 12, 2016. **See** Pa.R.A.P. 1925(a).]

(Trial Court Opinion, 10/12/16, at 4-6) (unnecessary capitalization and footnote omitted; record citation formatting provided).

Appellant raises six issues for this Court's review:

[1.] Whether the trial court erred as a matter of law and abused its discretion in denying the Appellant's post[-]trial motion based upon rule Pa.R.C.P. 227.3 and Monroe Co.R.C.P. 227.1[?]

[2.] Whether the trial court erred and abused its discretion in denying the Appellant's motion for a transcript of the trial[?]

[3.] Whether the trial court erred and abused its discretion in allowing the Appellee to present documentary evidence into evidence which [was] not provided in accordance with the trial court's order of April 16, 2016, which required the exchange of exhibits by May 31, 2016, [Appellee] presenting the following:

    i. May 31, 2016, an exhibit list simply listing documents with no Bates Stamp numbers;

    ii. June 3, 2016, an exhibit list which identified some exhibits by Bates Stamp numbers; and

iii.    June 15, 2016, a thumb-drive which contained copies of exhibits[?]

[4.]    Whether the trial court erred and abused its discretion in permitting the Appellee to submit a trial list of 685 exhibits, without identifying which exhibits would be introduced at trial until a witness was called, and the exhibit identified by Bates Stamp number[?]

[5.]    Whether the trial court erred and abused its discretion in admitting the exhibits identified by [Appellee] at the conclusion of the trial over the objection of counsel for the Appellant when the documents were hearsay and not authenticated, and deprived counsel of the ability to confront the preparer of the exhibit[?]

[6.]    Whether the trial court erred and abused its discretion in submitting a multiple interrogatory verdict sheet over the request of counsel for the Appellant to submit a verdict slip simply identifying a verdict for [Appellant] or [Appellee] and, if for [Appellant], the amount thereof, especially when the interrogatory did not specify when [Appellant] was not performing[?]

(Appellant's Brief, at 4-5) (unnecessary capitalization omitted).

In its first issue, Appellant argues that the trial court erred and abused its discretion in denying its post-trial motions on the basis of Appellant's failure to designate any portion of the record to be transcribed pursuant to Pennsylvania Rule of Civil Procedure 227.3 and Monroe County Rule of Civil Procedure 227.1.  (*See id.* at 12-16)  Appellant's claim lacks merit.

When reviewing post-trial motions seeking a new trial, we consider whether the trial court made an erroneous ruling and, if so, whether the mistake constituted harmless error or whether Appellant suffered any prejudice. . . . We will not reverse an order denying a new trial unless the trial court committed an error of law that controlled the outcome of the case.

***Bennett v. A.T. Masterpiece Homes at Broadsprings, LLC***, 40 A.3d 145, 149-50 (Pa. Super. 2012) (citations and quotation marks omitted).

"We review the trial court's enforcement of a local procedural rule for an abuse of discretion." ***Williams v. Penn Center for Rehabilitation and Care***, 147 A.3d 590, 593 (Pa. Super. 2016), *appeal denied*, 2017 WL 1015635 (Pa. filed Mar. 17, 2017) (citation omitted). "[I]f the matter under review involves the interpretation of the Pennsylvania Rules of Civil Procedure, we have before us a question of law, where our standard of review is *de novo* and our scope of review is plenary." ***Midwest Fin. Acceptance Corp. v. Lopez***, 78 A.3d 614, 624 (Pa. Super. 2013) (citation omitted).

Pennsylvania Rule of Civil Procedure 227.3 provides, in pertinent part: "All post-trial motions shall contain a request designating that portion of the record to be transcribed in order to enable the court to dispose of the motion. . . . If no portion is indicated, the transcription of the record shall be deemed unnecessary to the disposition of the motion. . . ." Pa.R.C.P. 227.3.

Pursuant to Monroe County Rule of Civil Procedure 227.1:

**(a)** A copy of any Motions for Post-Trial Relief shall be delivered to the trial judge, the official court reporter and the adverse party within twenty-four (24) hours after filing them with the Prothonotary. Counsel shall assign specific reasons for each motion and **shall state whether a partial or full transcript of the testimony is required** and set forth the reason therefore. Upon receipt of the post-trial motions the trial judge may determine what portions of the testimony shall be transcribed.

> **(b)** In motions requesting a new trial, particular reasons shall be assigned; general reasons will **not** be considered. **Reasons relating to rulings on evidence shall be separately designated**.

Monroe Co.R.C.P. 227.1 (emphases added). "When a party fails to comply with the rules governing Post–Trial Motion practice, the trial court may refuse to address the issues raised therein, and this Court has held that those issues are not preserved for appeal." *Williams*, *supra* at 593 (citation omitted).

Here, Appellant's post-trial motion asserted seven grounds for the grant of a new trial, generally alleging trial court error in evidentiary rulings and the improper use of a multiple interrogatory verdict sheet. (*See* Appellant's Post-Trial Motion, 7/22/16, at unnumbered pages 1-3). However, it did not request that any portion of the notes of testimony be transcribed or identify the specific evidentiary rulings. (*See* Appellant's Post-Trial Motion, at unnumbered pages 1-3; *see* Trial Ct. Op., at 5, 7). Because of these failures to comply with the Pennsylvania and local rules for post-trial motions practice, the trial court was "unable to know what errors are alleged to have transpired, let alone address [Appellant's] contentions." (Trial Ct. Op., at 8).

Based on the foregoing, and our independent review of the post-trial motions and the applicable law, we conclude that, because the notes of testimony were necessary for the disposition of Appellant's claims, and Appellant failed to specifically identify the challenged evidentiary rulings, the

trial court did not abuse its discretion or commit an error of law when it denied Appellant's post-trial motion on the basis of its failure to comply with the post-trial procedural rules. *See Williams*, *supra* at 593; *Bennett*, *supra* at 149-50; Pa.R.C.P. 227.3; Monroe Co.R.C.P. 227.1. Appellant's first issue lacks merit.

In its second claim, Appellant alleges that "the trial court abused its discretion in denying the Appellant's expedited motion for transcript." (Appellant's Brief, at 16) (unnecessary capitalization omitted). Appellant's issue is waived and would lack merit.

> The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. *See* Pa.R.A.P. 2119(b); *Estate of Lakatosh*, 441 Pa. Super. 133, 656 A.2d 1378, 1381 (1995) (concluding that appellant had waived issue raised on appeal as corresponding argument in brief included only general statements without appropriate citation to authority). Without a reasoned discussion of the law against which to adjudge [an appellant's] claims, our ability to provide appellate review is hampered. "It is not this Court's function or duty to become an advocate for the appellant[]." *Commonwealth v. Birdseye*, 432 Pa. Super. 167, 637 A.2d 1036, 1043 (1994)[, *affirmed*, 670 A.2d 1124 (Pa. 1996), *cert. denied*, 518 U.S. 1019 (1996)]. . . .

*Estate of Haiko v. McGinley*, 799 A.2d 155, 161 (Pa. Super. 2002).

Instantly, Appellant's one-page argument on this claim does not contain any legal authority or pertinent discussion, instead merely concluding that its motion should have been granted. (*See* Appellant's Brief, at 16-17). Therefore, it is waived. *See McGinley*, *supra* at 161.

Moreover, it would not merit relief. The trial court explained:

[Appellant] filed its post-trial motion on July 22, 2016, which [the court] denied by order dated August 3, 2016. Thereafter, [Appellant] filed an expedited motion for transcript of trial requesting that the entire trial transcript be transcribed because "there were numerous erroneous evidentiary rulings created throughout the [t]rial." (Appellant's Transcript Motion, 8/10/16). Because [the court] had already denied [Appellant's] post-trial motion and no other matter was pending before the court when [Appellant] filed its transcript motion, and given the basis of [Appellant's] transcript request as set forth in its motion, [the court] denied the transcript motion as moot. . . .

(Trial Ct. Op., at 9-10) (unnecessary capitalization omitted; record citation formatting provided). We discern no abuse of discretion in the trial court's decision, and Appellant's second issue, even if not waived, would not merit relief.

In Appellant's third through fifth issues, it generally maintains that the trial court made erroneous evidentiary rulings at trial. (**See** Appellant's Brief, 17-26). Specifically, it claims that the court permitted Appellee's presentation of documentary evidence that had not been exchanged in compliance with the trial court's discovery order, (**see id.** at 17-19);[2] failed

_____

[2] To the extent that this issue can be interpreted as a challenge to the trial court's denial of Appellant's motion *in limine*, it would lack merit. (**See** Appellant's Brief, at 17-19; Order, 4/19/16, at 2 ¶ 4).

"A trial court's decision to grant or deny a motion *in limine* is subject to an evidentiary abuse of discretion standard of review." **Dibish v. Ameriprise Fin., Inc.**, 134 A.3d 1079, 1095 (Pa. Super. 2016), *appeal denied*, 141 A.3d 484 (Pa. 2016) (citation omitted). "Questions concerning the admissibility of evidence lie within the sound discretion of the trial court, and we will not reverse the court's decision absent a clear abuse of discretion." **Id.** (citation omitted).
*(Footnote Continued Next Page)*

to direct Appellee to identify the exhibits it intended to use at trial where it had identified and provided more exhibits than it used, (*see id.* at 20-25); and admitted Appellee's exhibits over Appellant's objections, (*see id.* at 25-26). For the following reasons, Appellant is not entitled to relief on these claims.

We first observe that Appellant raised these general evidentiary issues in its post-trial motion, which the trial court denied because Appellant's failure to provide a transcript or identify the alleged errors rendered it "unable to know what errors are alleged to have transpired, let alone address [Appellant's] contentions." (Trial Ct. Op., at 8; *see* Appellant's Post-Trial Motion, at unnumbered pages 1-3). Therefore, the issues are not preserved for appellate review. *See Williams*, *supra* at 593.

Additionally, even if Appellant had preserved the evidentiary rulings for our review, they are waived for Appellant's failure to provide **this** Court with a trial transcript.[3] "It is black letter law in this jurisdiction that an appellate

_(Footnote Continued)_ ⸻

Here, in its motion *in limine*, Appellant claimed that Appellee provided an exhibit list identifying 680 exhibits, but not copies of them. (**See** Appellant's Motion *in Limine*, 6/16/16, at unnumbered page 2 ¶¶ 7, 9). On June 27, 2016, after argument, the trial court denied the motion on the basis that Appellee had provided the documents earlier in discovery, and the court therefore would not require Appellee to reproduce them. (**See** Order, 6/27/16). We discern no abuse of discretion in the court's decision. **See Dibish**, **supra** at 1095.

[3] We are not persuaded by Appellant's legally unsupported statement that it failed to file a transcript request with its notice of appeal because the trial
_(Footnote Continued Next Page)_

- 9 -

court cannot consider anything which is not part of the record in this case."

***Brandon v. Ryder Truck Rental, Inc.***, 34 A.3d 104, 106 n.1 (Pa. Super. 2011) (citation omitted). "It is the responsibility of the appellant to provide a complete record to the appellate court on appeal, including transcription []. Where a review of an appellant's claim may not be made because of such a defect in the record, we may find the issue waived." ***Id.*** (citation omitted); ***see also*** Pa.R.A.P 1911(a) (appellant must request transcript for appeal). Therefore, Appellant's evidentiary issues would be waived for our review, even if they were properly preserved.[4] ***See Brandon***, ***supra*** at 106 n.1.

---

*(Footnote Continued)* ————————

court had denied the request it made after the denial of its post-verdict motion. (***See*** Appellant's Brief, at 16). At the time it made its request, the trial transcript was moot because nothing was pending in the trial court. However, the Rules of Appellate Procedure require an appellant to move for a transcript at the time of filing its notice of appeal, if necessary for our review. ***See*** Pa.R.A.P. 1911(a).

[4] We also note that Appellant's statement of errors fails to comply with Rule 1925(b), because it lacks the specificity necessary for the trial court's review. (***See*** Appellant's Rule 1925(b) Statement, 9/08/16, at unnumbered pages 1-2; Trial Ct. Op., at 8). Therefore, Appellant's evidentiary issues would be waived on this basis as well. ***See In re A.B.***, 63 A.3d 345, 350 (Pa. Super. 2013) ("[A] Rule 1925(b) statement 'shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge.'" Pa.R.A.P. 1925(b)(4)(ii). "Issues not included in the Statement and/or not raised in accordance with the provisions of this [Rule] are waived." Pa.R.A.P. 1925(b)(4)(vii).").

In its sixth issue, Appellant maintains that "the trial court abused its discretion in submitting to the jury a multiple interrogatory verdict slip instead of a general verdict slip." (Appellant's Brief, at 26).

> Generally, a trial judge in Pennsylvania may grant or refuse a request for special findings on the basis of whether such would add to the logical and reasonable understanding of the issue. We will not disturb a trial judge's decision to grant or refuse the request absent an abuse of discretion.

*Century 21 Heritage Realty, Inc. v. Bair*, 563 A.2d 114, 116 (Pa. Super. 1989) (citations omitted); *see also* Pa.R.C.P. 2257.

Here, again, Appellant raised this issue in its post-trial motion, which the trial court denied because of Appellant's failure to provide a transcript, rendering it unable to address either Appellant's objection or its trial ruling on this issue. (*See* Trial Ct. Op., at 8). Additionally, Appellant's failure to provide this Court with a trial transcript renders us incapable of determining whether the trial court properly exercised its discretion in granting Appellee's request for a special verdict slip. For these reasons, Appellant's claim is not preserved for our review, and is waived. *See Williams*, *supra* at 593; *Brandon*, *supra* at 106 n.1. Moreover, to the extent we can consider this issue, we do not find an abuse of discretion. The trial court explained:

> In the case at bar, [Appellee] filed proposed special verdict questions on July 6, 2016, the day of *voir dire* and opening statements. [Appellee] also filed amended special verdict questions on July 12, 2016. At the close of opening statements, the court asked [Appellant] to file a proposed verdict sheet. The court also reminded the parties to file a proposed verdict sheet by the fourth day of trial, so the court could review it prior to the charging conference. [Appellant] never filed a proposed verdict

- 11 -

sheet, instead relating to the court at the charging conference that it believed the verdict slip should simply determine whether [Appellant] had prevailed on its claims, and if so, what amount of damages should be awarded.

. . . [T]his case resulted in a [seven-]day, documentary-evidence intensive trial. Over [ninety] exhibits were admitted into evidence from both parties, and many more were marked for presentation over the course of the trial. The court directed both parties to file a proposed verdict sheet, and [Appellant] chose not to comply with the court's directions. In such a lengthy and documentary-evidence intensive trial, the court chose to exercise its discretion to assist the jury in "the logical and reasonable understanding" of the issues in the case, in keeping with Pa.R.C.P. 2257 and appellate case law from our Supreme, Superior, and Commonwealth Courts. . . .

(Trial Ct. Op., at 19-20) (unnecessary capitalization omitted).

We find no abuse of discretion in the trial court's reasoning. Therefore, Appellant's sixth issue, even were it properly preserved and not waived, would not merit relief.

Judgment affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/8/2017

- 12 -