J-A22004-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ROGER FOUSE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THREE RIVERS DENTAL GROUP | : | |
| | : | |
| Appellant | : | No. 89 WDA 2024 |

Appeal from the Judgment Entered March 21, 2024
In the Court of Common Pleas of Westmoreland County Civil Division at
No(s):  2801 of 2020

BEFORE:  MURRAY, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY MURRAY, J.:                **FILED: November 8, 2024**

Three Rivers Dental Group (Three Rivers Dental or Appellant) appeals from the judgment entered following a non-jury verdict against it, and in favor of Roger Fouse (Fouse), in this breach of contract action.  After careful review, we are constrained to vacate the judgment and remand for further proceedings.

Fouse's amended complaint alleged the following facts:

3. [Fouse]'s son, Nicholas Fouse [(Nicholas)], suffers from irretractable seizures and has [a] mental retardation diagnosis[, Lennox-Gastaut Syndrome].[1]

---

[1] Nicholas was 25 years old at the time of the incidents underlying this action. Fouse testified that Nicholas is non-verbal and requires assistance when walking.  N.T., 10/4/23, at 11.  Fouse also testified that Nicholas has the developmental age of approximately an 18- to 24-month-old.  *Id.*

4. On or about November 4, 2019, [Fouse] brought … [Nicholas] to Three Rivers Dental for an evaluation.

5. On or about November 4, 2019, [Appellant] provided [Fouse] with an estimate/Truth in Lending Disclosure Statement, attached hereto as Exhibit A.[2]

6. [Appellant] determined that [] Nicholas [] required IV sedation and two … crowns.

7. According to Exhibit A, the total cost of the procedure was $9,500.00.

8. Exhibit A also indicates that "failure to provide a four (4) business day notice of cancellation or rescheduling will result in forfeiture of your reservation deposit."

9. $1,000.00 of the cost of the aforementioned procedure was covered by [Fouse]'s insurance.

---

[2] Exhibit A is the Federal Truth in Lending Disclosure Statement (the contract) prepared by Three Rivers Dental and signed by Fouse. The contract specified an estimated service fee of $9,500 for Nicholas's dental procedure. *See* Amended Complaint, 10/13/21, Exhibit A. The contract also specified that Fouse's insurance carrier would contribute an estimated $1,000 for the procedure. *See id.* The down payment totaled $8,500, and included a reservation deposit of $3,800. *See id.* The contract included the following certifications:

> _____ Failure to provide a four (4) day business day notice of cancellation or rescheduling will result in forfeiture of your reservation deposit.

> _____ This is based on the expenses the doctor(s) and staff will incur as a result of the cancellation.

> _____ If for any reason a refund is given, a 5% processing fee will be assessed.

*Id.* Fouse placed his initials beside each certification. *Id.*

10. A down payment/reservation deposit of $3,800.00 was due at the time of scheduling [Nicholas's procedure].

11. [Fouse] applied for a[nd] received a line of credit for $8,500.00.

12. The line of credit was authorized and granted by GreenSky Patient Solutions [(GreenSky)], *see* attached Exhibit B.

13. Said procedure was scheduled for November 18, 2019.

14. On November 13, 2019, [] Nicholas [] was diagnosed with cellulitis in his cheek.

15. On November 13, 2019, [] Nicholas [] attended a presurgical visit with his primary care physician, Dr. Vicki Leo. [Fouse] was present for this appointment.

16. On November 13, 2019, Dr. Leo advised [Fouse] to reschedule [Nicholas's] surgical dental procedure….

17. On November 14, 2019, [Fouse] contacted [Appellant] to reschedule the surgical procedure scheduled for November 18, 2019.

18. Said procedure was rescheduled for November 25, 2019.

19. On November 20, 2019, [] Nicholas [] developed a respiratory illness.

20. [Appellant] would not reschedule the procedure again unless [Fouse] brought Nicholas to [Appellant's] facility for an evaluation….

21. On or about November 20, 2019, [Fouse] called [Appellant] to report that Nicholas [] was ill.

22. Fouse requested that Nicholas['s] procedure be rescheduled due to his illness.

23. On November 21, 2019, Nicholas [] attended another evaluation with … Dr. Leo. [Fouse] was present for this appointment.

24. Dr. Leo advised [Fouse] to reschedule the dental procedure due to Nicholas's respiratory illness.

25. Dr. Leo provided a notice to [Fouse], attached hereto as Exhibit C.

26. On or about November 22, 2019, [Fouse] faxed said notice to [Appellant].

27. On November 22, 2019, [Fouse] received a confirmation text from [Appellant] indicating that the dental procedure was scheduled for November 25, 2019.

28. On November 22, 2019, [Fouse] contacted [Appellant] via telephone.

29. [Appellant] informed [Fouse] that he would be charged a $3,800[.00] reservation deposit and [a] $425.00 [processing] fee.[3]

Amended Complaint, 10/13/21, ¶¶ 3-29 (footnotes added; quotation marks omitted). In total, Three Rivers Dental retained $4,250.00 from the total paid

_____

[3] The remainder of the $8,500 charge was returned to Fouse, subject to the 5% processing fee specified in the contract. As the trial court noted,

> [Fouse] alleged in his pleadings that the processing fee charged was $425, and that as a result, he requested $4,225 in damages ($3,800 + $425 = $4,225). However, during trial, both [Fouse] and [Appellant's] counsel indicated on the record that the processing fee charged was $450. [The trial court relied] on the $450 amount set forth at trial, because [Fouse] was only reimbursed $4,250, which leaves the remaining balance of $4,250 ($4,250 + $4,250 = $8,500) and that amount only makes sense if the processing fee was $450 ($3,800 + $450 = $4,250).

Trial Court Opinion, 11/28/23, at 5 n.4 (citations to record omitted).

- 4 -

through GreenSky. Nicholas never underwent the procedure at Three Rivers Dental.

Fouse initially filed a claim against Appellant in magisterial district court. On July 13, 2020, the magisterial district judge entered judgment in favor of Appellant. Fouse filed a timely *pro se* appeal in the court of common pleas.

On August 18, 2020, Fouse filed a *pro se* complaint. Fouse subsequently retained counsel, who filed an amended complaint on October 13, 2021. Fouse's complaint alleged unjust enrichment, breach of contract, and violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL).[4] In sum, Fouse argued Three Rivers Dental improperly demanded payments totaling $4,225.00, where Three Rivers Dental did not perform the dental procedure. *See* Amended Complaint, 10/13/21, ¶¶ 33-35, 41.

Appellant filed preliminary objections on November 22, 2021. Appellant asserted, *inter alia*, that Fouse failed to state a claim upon which relief could be granted. Additionally, Appellant alleged the amount in controversy compelled resolution of Fouse claims through arbitration. *See* Preliminary Objections, 11/22/21, ¶ 32; *see also id.*, ¶¶ 30-31 (arguing Fouse did not specify whether the amount in controversy exceeds $30,000, as required by Westmoreland County Local Rule of Civil Procedure W1301(a)). Fouse filed a response. The trial court sustained Appellant's preliminary objection

---

[4] 73 P.S. §§ 201-1 – 201-10.

concerning Fouse's failure to state a sum certain, and directed Fouse to amend his complaint. The court overruled Appellant's remaining preliminary objections.

On April 1, 2022, Fouse filed a second amended complaint. As to the unjust enrichment and breach of contract counts, Fouse alleged he was seeking $4,225.00 in damages. Regarding the UTPCPL count, Fouse requested damages totaling $15,000.00, including treble damages and reasonable attorney's fees.

Appellant filed an answer and new matter on May 24, 2023. Appellant asserted, *inter alia*, that Fouse's claims were barred by Fouse's breach of the contract, and Fouse's own conduct caused the damages. **See** Answer and New Matter, 5/24/23, ¶¶ 51-52.

The case proceeded to arbitration. On May 25, 2023, the board of arbitrators entered a finding in favor of Fouse for breach of contract and awarded Fouse $4,225.00 in damages. Appellant timely appealed the arbitration award.

On October 4, 2023, the case proceeded to a non-jury trial before the Honorable Rita Donovan Hathaway.[5] Appellant did not present any witnesses or introduce any evidence during the non-jury trial. At the close of the non-

_____

[5] Fouse's counsel withdrew from representation following the arbitration proceedings, and Fouse appeared *pro se* for the non-jury trial.

jury trial, Appellant requested a nonsuit under Pa.R.C.P. 230.1.[6]  The trial court took the issue under advisement.

On November 29, 2023, the trial court entered a verdict in favor of Fouse on his breach of contract and UTPCPL claims.[7]  The court awarded $4,250 in damages for breach of contract and $12,750 in damages for Appellant's UTPCPL violation (reflecting treble damages).

On December 8, 2023, Appellant filed a post-trial motion arguing the trial court erred by 1) failing to enter a directed verdict for Appellant; 2) finding against Appellant on the breach of contract based on an incorrect interpretation of the contract; and 3) finding in favor of Fouse on the UTPCPL claim.  The trial court dismissed Appellant's post-trial motion on December 19, 2023, because Appellant failed to deliver a copy of the post-trial motion to Judge Hathaway's chambers as required by Westmoreland County's local rules.[8]

---

[6] "In an action involving only one plaintiff and one defendant, the court, on oral motion of the defendant, may enter a nonsuit on any and all causes of action if, at the close of plaintiff's case on liability, the plaintiff has failed to establish a right to relief."  Pa.R.C.P. 230.1(a)(1).

[7] The trial court rendered no verdict on Fouse's unjust enrichment claim.

[8] Westmoreland County Local Rule of Civil Procedure W227.1 (Rule W227.1) provides, in relevant part, as follows:

**Rule W227.1 POST-TRIAL RELIEF**

*(Footnote Continued Next Page)*

On January 18, 2024, Appellant filed a motion for reconsideration. As Appellant noted, Judge Hathaway retired on December 31, 2024, and the case was reassigned to the Honorable Chris Scherer. Appellant argued the dismissal of its post-trial motion was an improper sanction for its rule violation. Appellant requested that the trial court vacate its prior order and consider the merits of its post-trial motion. On the same date, Appellant also filed a notice

---

(a) Requirements for Filing and Service of Motion for Post-Trial Relief at the Office of the Prothonotary.

(1) The original Motion for Post-Trial Relief should be filed at the Office of the Prothonotary.

* * *

(2) At the same time the Motion for Post-Trial Relief is being filed or mailed to the Prothonotary, the moving party shall present or mail a copy of the Motion for Post-Trial Relief to the chambers of the judge assigned to the case. …

* * *

(c) Sanctions

(1) Failure of the moving part to comply with the requirements of this rule shall result in the dismissal of the Motion.

Rule W227.1(a), (c).

of appeal. Appellant and the trial court have complied with Pa.R.A.P. 1925(b).[9, 10]

Appellant now raises the following issues for review:

(1) Rule 103(d) of the Pennsylvania Rules of Judicial Administration and procedural rules and caselaw preceding its creation collectively provide that Pennsylvania trial courts may not immediately dismiss cases for technical local rule violations. The trial court *dismissed* [Appellant's] timely-filed motion for post-trial relief 11 days after it was filed solely because a copy of the filed motion was not delivered to the trial court's chambers on the day of filing, as required by Local Rule 227.1(a)(2). Should this local rule-based dismissal be vacated?

(2) Pennsylvania law disfavors interpreting conditions precedent into contracts unless such conditions are clearly identified. The contractual language and Fouse's testimony make clear that a patient cancellation with[in] less than four business days' notice leads to the forfeiture of a specified reservation deposit. Did the trial court commit legal error by imposing a condition precedent against [Appellant] that would defeat the application of the clear reservation deposit forfeiture language?

---

[9] In the court's Rule 1925(a) opinion, Judge Scherer stated, in part, that he

did not rule on the motion for reconsideration, because the motion was not timely filed before Judge Hathaway and because this court could not reconsider the credibility decisions made by another court in reaching a final decision after a non-jury trial.

Rule 1925(a) Opinion, 3/1/24, at 2 (some capitalization modified).

[10] On March 11, 2024, this Court issued an order directing Appellant to *praecipe* the trial court prothonotary to enter judgment. Appellant complied, and judgment was entered on March 21, 2024. Accordingly, the matter is properly before us for review. *See **Johnston the Florist, Inc. v. TEDCO Constr. Corp.**, 657 A.2d 511, 514-15 (Pa. Super. 1995) (Pa. Super. 1995) (en banc)* (regarding "as done that which ought to have been done" in the interest of judicial economy).

(3) The [UTPCPL] requires a plaintiff to prove personal reliance upon the actions or words of a defendant. Fouse did not testify to any detrimental reliance, and conceded at trial that the contractual language exercised against him was clear. Did the trial court err as a matter of law by finding in favor of Fouse under the UTPCPL in spite of this testimony?

Appellant's Brief at 9-10 (emphasis in original).

In its first claim, Appellant argues the trial court erred by dismissing its post-trial motion based solely on a technical violation of Rule W227.1(a). *Id.* at 25. Appellant contends that under Rule 103(d)(8) of the Pennsylvania Rules of Judicial Administration, it should have been afforded an opportunity to correct its error. *Id.* at 26. Appellant argues that in dismissing its post-trial motion, the trial court precluded Appellant from seeking substantive review. *Id.* at 26-27. Appellant asserts Rule W227.1 is invalid, as it conflicts with the Pennsylvania Rules of Civil Procedure and Pennsylvania Rules of Judicial Administration. *Id.* at 29-37. Appellant also points out that the dismissal order itself demonstrates the court's awareness that Appellant filed the post-trial motion. *Id.* at 38.

"We review the trial court's enforcement of a local procedural rule for an abuse of discretion." ***Williams v. Penn Center for Rehabilitation and Care***, 147 A.3d 590, 593 (Pa. Super. 2016).

As set forth above, Westmoreland County's Rule W227.1 requires a party to file a motion for post-trial relief with the prothonotary <u>and</u> present or mail a copy of the motion to the assigned judge's chambers. Rule W227.1(a)(2). The rule also mandates dismissal of a post-trial motion if the

moving party does not comply with the rule's requirements.   Rule W227.1(c).[11]

In support of its claim, Appellant directs our attention to Pa.R.C.P. 126, as well as Pa.R.J.P. 103(8).   Pennsylvania Rule of Civil Procedure 126(a) provides as follows:

> **Rule 126.  Application and Construction of Rules**
>
> **(a) Application.**  The rules shall be liberally applied to secure the just, speedy, and inexpensive determination of every action or proceeding to which they are applicable.  The court at every stage of any such action or proceeding **may disregard any error or defect of procedure which does not affect the substantive rights of the parties.**

Pa.R.C.P. 126(a) (emphasis added).  In sum, Rule 126(a) permits, but does not require, a court to disregard a procedural defect, so long as the defect does not affect the parties' substantive rights.

Additionally, Pa.R.J.A. 103(d)(8) provides:

> No pleading or other legal paper shall be refused for filing based upon a requirement of a local rule.  **No case shall be dismissed nor request for relief granted or denied because of failure to initially comply with a local rule.   In any case of noncompliance with a local rule, the court shall alert the party to the specific provision at issue and provide a reasonable time for the party to comply with the local rule.**

---

[11] By contrast, the state rule governing post-trial relief does not impose this additional requirement of serving the judge, nor does it require dismissal based on noncompliance.  ***See generally*** Pa.R.C.P. 227.1.

Pa.R.J.A. 103(d)(8) (emphasis added). Thus, by its clear language, Pa.R.J.A. 103(d)(8) precludes dismissal of a case or denial of relief based on a party's noncompliance with a local rule.

Instantly, the trial court dismissed Appellant's post-trial motion due exclusively to its failure to comply with a local procedural rule, in direct contravention of Pa.R.J.A. 103(d)(8). As Appellant points out, the consequences of the dismissal were severe, as it was required to file the post-trial motion in order to preserve appellate issues. *See* Pa.R.C.P. 227.1(c)(2) ("Post-trial motions **shall** be filed within ten days after … the fling of the decision in the case of a trial without jury." (emphasis added)); *see also G & G Inv'rs, LLC v. Phillips Simmons Real Estate Holdings, LLC*, 183 A.3d 472, 477 (Pa. Super. 2018) ("Generally, following a trial, an appellant must file post-trial motions to preserve issues for appellate review; issues not raised in post-trial motions are waived.").

Pa.R.J.A. 103(d)(8) sets forth the appropriate course of action following a party's noncompliance with a local rule: "[T]he court shall alert the party to the specific provision at issue and provide a reasonable time for the party to comply with the local rule." Pa.R.J.A. 103(d)(8). Here, the trial court provided no notice to Appellant of its procedural misstep prior to issuing the dismissal order. Accordingly, the trial court erred by dismissing Appellant's post-trial

motion based exclusively on a violation of Rule W227.1, without providing Appellant notice and an opportunity to correct the error.[12]

We now consider the appropriate relief.[13] In its motion for reconsideration, Appellant avers that it has since corrected its local Rule W227.1 violation by mailing a copy of its post-trial motion to Judge Hathaway's chambers. We conclude Appellant is entitled to a review of the merits of its post-trial claims.[14] Accordingly, we vacate the judgment, and

_____

[12] By contrast, we briefly note this Court's unpublished decision in *Castle Roofing and Constr. LLC v. Elize*, 226 A.3d 634, 905 MDA 2019 (Pa. Super. 2020) (unpublished memorandum); *see also* Pa.R.A.P. 126(b) (providing that we may consider, for persuasive value, unpublished memoranda filed after May 1, 2019). In *Castle Roofing*, the defendant filed a motion for post-trial relief, but failed to comply with a local rule requiring the filing of a written brief to support the motion. *See Castle Roofing*, 226 A.3d 634 (unpublished memorandum at 2-3). The trial court denied the defendant's post-trial motion. *Id.* (unpublished memorandum at 3). On appeal, in an unpublished memorandum, this Court reiterated that, under Pa.R.J.A. 103(d)(8), "[a] motion cannot be denied for failure to comply with a local rule without first providing notice of noncompliance and giving the party a reasonable period of time to comply with the local rule." *Id.* (unpublished memorandum at 5). However, unlike in this matter, the trial court denied the defendant's post-trial motion based on both the local rule violation <u>and</u> its determination that the evidence did not support the requested relief. *Id.* (unpublished memorandum at 5-6). Therefore, we addressed the merits of the defendant's issues on appeal. *See id.* (unpublished memorandum at 6-9).

[13] We note the dearth of relevant case law germane to this circumstance.

[14] We reiterate that the trial court dismissed Appellant's post-trial motion solely on the basis of a local rule violation. The trial court did not address the merits of Appellant's claims, nor did it incorporate its prior opinion fully detailing its decision. If the court had done so, we would have considered the merits of Appellant's claims.

remand the case to the trial court for consideration and disposition of Appellant's post-trial motion.[15]

Order reversed. Case remanded for further proceedings in accordance with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 11/08/2024

---

[15] Based on our disposition of Appellant's first claim, we need not address its remaining issues.

- 14 -