J-A10038-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DANIELLE MATILSKY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDRZEI CETNARSKI | : | |
| | : | |
| Appellant | : | No. 771 EDA 2024 |

Appeal from the Judgment Entered January 30, 2024
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 201200844

BEFORE: PANELLA, P.J.E., BECK, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED JUNE 16, 2025**

In this landlord-tenant matter, Andrzei Cetnarski, *pro se* ("Landlord"), appeals from the judgment entered contemporaneous with the denial of his post-trial motion. Landlord's motion followed a non-jury trial wherein the court found in favor of Danielle Matilsky ("Tenant") and against Landlord "in the amount of $7,150.00 plus pre[-]judgment interest at a rate of six percent (6%) per annum from June 30, 2019[,] to October 27, 2023, under the Pennsylvania Landlord Tenant Act; and statutory damages of $100 and attorney fees in the amount of $5,234.10 under the Unfair Trade Practices and Consumer Protection Law [("UTPCPL")]." Order, 1/30/24. Judgment was also entered in favor of Landlord and against Tenant "in the amount of $943.43 on

_____

[*] Retired Senior Judge assigned to the Superior Court.

[Landlord's] counterclaim." *Id.* In his 106-page brief,[1] Landlord raises ten issues, replete with multiple sub-issues, which, *inter alia*, challenge various aspects of the court's decision making in arriving at its judgment. Nevertheless, the court, in its denial of Landlord's post-trial motion, found waiver of all issues, noting that his "brief was wholly inadequate to present specific issues for review because there was no transcript[,] and the brief lacked citations to the transcript." Trial Court Opinion, 1/25/24, at 13. We conclude that the trial court acted within its discretion in denying Landlord's post-trial motion, the denial of which was predicated on Landlord's lack of compliance in obtaining, and thereafter citing to, portions of the non-jury trial transcript to underpin his claims of error. As such, we affirm.

In summary, in her complaint, Tenant sought return of her $7,150 security deposit held by Landlord after she vacated Landlord's Philadelphia-based apartment. Landlord, in response and then represented by counsel, claimed, *inter alia*, that Tenant had damaged the apartment. Subsequently, Tenant received a small claims money judgment in her favor and against Landlord in the Philadelphia Municipal Court.

---

[1] Landlord's brief includes a certification indicating that "the brief contains 1,096 words, excluding the cover page, table of contents, table of citations, proof of service, signature block, and any addenda." Landlord's Brief, at 105. Assuming, *arguendo*, the brief conforms with Pennsylvania Rule of Appellate Procedure 2135(a)(1)'s prohibition on principal briefs exceeding 14,000 words, Landlord's purported wordcount is belied by even a cursory observation of his submission. *See* Pa.R.A.P. 2135(a)(1).

Thereafter, Landlord appealed that ruling to the Philadelphia County Court of Common Pleas. Tenant then filed a two-count complaint asserting violations of the Pennsylvania Landlord Tenant Act and UTPCPL, which Landlord answered and further filed a counterclaim for damages, late fees, early termination fees, attorney fees, and costs. After a compulsory arbitration, which resulted in a decision wholly in favor of Tenant and against Landlord, Landlord again appealed, resulting in the matter being listed for trial.

Following the appeal in the Court of Common Pleas, the trial court permitted Landlord's counsel to withdraw, apparently due to health-related reasons. Landlord did not retain any other counsel and began representing himself *pro se*. After a non-jury trial during which Landlord appeared uncounseled, the court found in favor of both parties, the awards of which are outlined above.

Landlord filed a post-trial motion, albeit "eleven days after entry of the [non-jury trial] decision on the docket." ***Id.*** at 3. Nevertheless, the court "chose to ignore the *de minimis* infraction particularly because [Tenant] did not file an answer to the motion or raise the issue of prejudice." ***Id.*** (citation omitted). The court then entered a post-trial briefing order that, *inter alia*, required Landlord to file, within twenty days, a brief in support of his post-trial motion. ***See*** Order, 12/20/23, at ¶ 1. The other relevant paragraphs in this order are as follows:

    3.   Each party's brief must provide pertinent citations to the

specific pages of the transcript, deposition transcripts, and to the trial exhibits for all matters discussed in its briefs. A party waives an issue if it does not cite to specific pages of the record where the facts supporting the party's contentions may be found. ***Commonwealth v. Einhorn***, 911 A.2d 960, 970 (Pa. Super. 2006) ("We find that the claims are waived because Einhorn cites neither to the record in order to substantiate his factual allegations, nor to authority establishing that the alleged actions constitute misconduct.").

\*   \*   \*

6. Each party's brief must specifically cite the pages of the transcript where the objection, nonsuit, directed verdict, or other motion or issue being appealed was discussed and ruled upon by the court. Failure to do so may result in the waiver of the issue. ***See*** Pa.R.C[iv].P. 227.1(b).

7. Each party's brief must attach as exhibits copies of all motions in limine, trial exhibits, deposition transcripts, and pages of the trial transcript referred to in the brief.

***Id.*** at ¶¶ 3, 6-7.

Landlord filed his brief "two days late." Trial Court Opinion, 1/25/24, at 8. Notwithstanding this transgression, the court, again, overlooked Landlord's "*de minimis* infraction." ***Id.*** Substantively, however, the court noted that although the onus was on him to do so, Landlord never ordered or obtained a transcript of the non-jury trial, which inherently meant that the brief, too, contained no such references to the transcript. ***See id.*** In effect, the court concluded that "[b]ecause [Landlord] failed to order the transcription of the notes of testimony in the present case, the court was unable to examine the record of this trial to ascertain the validity of his factual and legal claims. Landlord did not present a record upon which he could establish that [the]

- 4 -

court's decision was an abuse of discretion, unreasonable, arbitrary, or capricious." **Id.** at 9-10. Accordingly, without specific citations to the transcript, in contravention of the requirements set forth in the court's briefing order, the court was "without the ability to conduct effective review of his post-trial issues[,]" **id.** at 13-14, and found complete waiver of Landlord's issues. The court denied Landlord's motion and entered judgment. Thereafter, Landlord timely appealed.[2]

On appeal, Landlord presents ten issues that, *inter alia*, contend the court excluded critical evidence, improperly awarded Tenant attorney fees, and acted with judicial bias. **See** Landlord's Brief, at 11-13. Landlord's brief also contains an additional section titled "Errors and Issues on Appeal," which raises even further sub-issues. **See id.** at 19-23.

However, prior to reviewing the issues contained in Landlord's brief, we must ascertain whether it was an abuse of discretion for the court to find total waiver of his claims. **See Gutman v. Rissinger**, 482 A.2d 1324, 1327 (Pa. Super. 1984) (trial court enforcement of local procedural rule reviewed for abuse of discretion); **see also Midwest Fin. Acceptance Corp. v. Lopez**, 78 A.3d 614, 624 (Pa. Super. 2013) ("[I]f the matter under review involves the interpretation of the Pennsylvania Rules of Civil Procedure, we have before us a question of law, where our standard of review is *de novo* and our scope

_____

[2] We note that Tenant has not filed a brief in this appeal.

of review is plenary.").

The court, in denying Landlord's post-sentence motion, wrote that:

The party filing a post-trial motion is required by state and local procedural rules to immediately order the transcription of those portions of the trial record concerning the issues raised in the post-trial motion. Pennsylvania Rule of Civil Procedure 227.3 provides that "all post-trial motions *shall* contain a request designating that portion of the record to be transcribed in order to enable the court to dispose of the motion." Pa.R.Civ.P. 227.3 (emphasis added). Philadelphia Civil Rule *227(d)(1) imposes a similar duty upon the party filing post-trial motions: "trial transcripts *shall* be requested." The *Note* accompanying Rule 227.3 refers to Rule of Judicial Administration 4007 for the procedure for making such request, and to Pa.R.J.A. 4008 and 4009 for the rules governing transcript fees and their payment.

Trial Court Opinion, 1/25/24, at 9.

As highlighted by the trial court, Philadelphia Civil Rule 227(d)(1) establishes that "[t]rial transcripts shall be requested as provided in Pa.R.C[iv].P. 227.3[.]" Phila. Civ. R. 227(d)(1). In turn, Pennsylvania Rule of Civil Procedure 227.3 indicates that "[a]ll post-trial motions shall contain a request designating that portion of the record to be transcribed in order to enable the court to dispose of the motion." Pa.R.Civ.P. 227.3 ("[i]f no portion is indicated, the transcription of the record shall be deemed unnecessary to the disposition of the motion[]"). In addition to these rules, the court issued an order compelling, *inter alia*, pertinent citations to specific pages of the transcript to all matters discussed in the post-trial motion's corresponding brief. **See** Order, 12/20/23, at ¶ 3.

Here, Landlord admits that he did not order, nor obtain, the transcript

of the non-jury trial.[3] ***See*** Brief in Support of Landlord's Post-Trial Motion, 1/12/24, at 4 (claiming that Landlord was in financial duress and was heretofore unaware of possibility of transcript fee waiver). Nevertheless, Landlord's forty-six-page brief contains arguments that are inherently predicated on events contained within that transcript. ***See, e.g.***, ***id.*** at 9 ("[Landlord] respectfully asserts that the court's failure to admit Landlord Exhibits 1-6, despite strict adherence to the court's procedural directives, constitutes an error with substantial prejudicial impact. Exhibits were submitted into the docket well before trial, marked for identification, and their authenticity and relevance were affirmed under oath. [Tenant's c]ounsel had the opportunity to object, and [the trial court] reviewed and ruled on each exhibit."); ***id.*** at 15 (allegations of judicial bias during trial involving "the disparate treatment of exhibit inclusion, interruptions, the prejudicial dialogue between [the trial court] and [Tenant's counsel], and the inequitable management of testimony[]").

The court found that Landlord's claim that he was unable to pay the $510 transcript fee, in an apparent, yet improper, attempt to obtain *in forma pauperis* status, to be without documentation or citation to the record. ***See*** Trial Court Opinion, 1/25/24, at 11. Moreover, the court disclaimed any

---

[3] Landlord ordered the transcript concurrent with the filing of his notice of appeal, and it now appears of record before this Court.

obligation "to instruct [L]andlord how to prepare and present the necessary paperwork." *Id.* at 12.[4] The court also stated that Landlord was cognizant that a transcript was necessary, and could have, at any point, motioned for an extension of time, but did not. *See id.* at 11. The court emphasized that Landlord was highly educated, and further noted that the Packard Building, which contains the at-issue property, has been described by our sister court— the Commonwealth Court—as containing luxury condominiums. *See id.* at 12 (noting Landlord's Master of Business Administration from Wharton and citing 2021 Commonwealth Court decision); *see also* Brief in Support of Landlord's Post-Trial Motion, 1/12/24, at 17 (emphasizing Landlord's "rich background in real estate, lodging and residential operations, investment banking, and management, and industrial supplies management, distribution, and shipping/logistics").

---

[4] We agree that Landlord's *pro se* status does not, therefore, require the trial court to instruct him as to how to file any necessary documentation. As we have noted,

> [a]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. A *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. Any layperson choosing to represent himself or herself in a legal proceeding must, to some reasonable extent, assume the risk that his or her lack of expertise and legal training will prove his or her undoing.

*Smithson v. Columbia Gas of PA/NiSource*, 264 A.3d 755, 760 (Pa. Super. 2021) (cleaned up).

Under this Court's jurisprudence:

When a party fails to comply with the rules governing [p]ost–[t]rial [m]otion practice, the trial court may refuse to address the issues raised therein, and this Court has held that those issues are not preserved for appeal. **See Kennel v. Thomas**, 804 A.2d 667, 668 (Pa. Super. 2002). Similarly, we hold that when a party fails to comply with an order to obtain the [n]otes of [t]estimony, and as a result of the party's own non-compliance[,] the trial court is unable to address the issues raised in the [p]ost–[t]rial [m]otion, those issues are waived.

**Williams v. Penn Center for Rehabilitation and Care**, 147 A.3d 590, 593 (Pa. Super. 2016).

Although the order for post-trial motion briefing, here, does not expressly require Landlord to obtain the transcript, it makes clear that any challenge emanating therefrom must be supported by citations to that document, thereby requiring Landlord to obtain the trial transcript. Based on our review of Landlord's rule- and order-based obligations juxtaposed against the contentions raised in his post-trial motion and brief, we conclude that, because the transcript was necessary for the disposition of Landlord's claims, and Landlord failed to specifically identify, *inter alia*, the challenged evidentiary rulings in the record, the trial court did not abuse its discretion or commit an error of law when it denied his post-trial motion. Landlord's failure to comply with both the relevant post-trial procedural rules as well as the order warning him of the possibility of waiver left the trial court "without the ability to conduct effective review of his post-trial issues[,]" Trial Court Opinion, 1/25/24, at 14, and we cannot now, on appeal, resuscitate those

- 9 -

claims.

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/16/2025